**INTEGRATED CIRCUIT SYSTEMS, INC., Plaintiff,**

v.

**REALTEK SEMICONDUCTOR CO., LTD., et al., Defendants.**

**No. C00–4035MMC(BZ).**

United States District Court, N.D. California.

March 11, 2004.

See also 2002 WL 532122.

---

William J. Bohler, Horacio A. Farach, Townsend & Townsend & Crew LLP, Palo Alto, CA, Hadrian R. Katz, Joseph A. Micallef, Arnold & Porter, Washington, DC, for Plaintiff.

Daniel S. Mount, Alfredo A. Bismonte, Ron C. Finley, Mount & Stoelker, San Jose, CA, for Defendants.

## ORDER DENYING MOTION TO COMPEL SUPPLEMENTATION OF PATENT DISCLOSURES AND DENYING SANCTIONS

ZIMMERMAN, United States Magistrate Judge.

On May 24, 2001, plaintiff served its initial disclosures under Patent Local Rule 3–1 accusing two Realtek product families of infringing its patent. Thereafter, plaintiff learned that Realtek made additional product families which, plaintiff contends, also infringe its patent. Plaintiff did not supplement its initial disclosures to accuse these new products. After the disclosure process was complete and on the eve of the claim construction hearing, Realtek moved to compel plaintiff to supplement its initial disclosures with respect to these new products. The claim construction hearing occurred on April 1, 2002. A ruling has not yet issued.

Realtek is not contending that plaintiff has failed to supplement any discovery response pursuant to Federal Rule of Civil Procedure 26(e). Instead, Realtek contends that the duty to supplement applies to the disclosures required by Patent Local Rule 3–1. Patent L.R. 3–1 requires a party claiming patent infringement to provide a "Disclosure of Asserted Claims and Preliminary Contentions" to all parties within 10 days after the Initial Case Management Conference. The Rule sets forth specific information that must be disclosed, including the identity of each accused product. *See* Patent L.R. 3–1(a–f). Plaintiff contends that once filed, disclosures under Patent L.R. 3 can only be amended, corrected or otherwise modified pursuant to Patent L.R. 3–6 and 3–7 and that the supplementation requirements of Federal Rule of Civil Procedure 26(e) do not apply to disclosures made pursuant to Patent Local Rule 3.

This appears to be a matter of first impression. Viewing the Patent Local Rules as a whole and the purpose behind the Rules, I conclude they can best be effectuated by not superimposing the duty to supplement, at least with respect to new products.[1] The purpose of the Patent Local Rules is to place the parties on an orderly pretrial track which will produce a ruling on claim construction approximately a year after the complaint is filed. They require the plaintiff to carefully prepare for the filing of a patent suit since plaintiff must disclose specified information about the accused products approximately five months after filing the complaint. Judge Smith stated the purpose behind Patent Local Rule 16–9, the predecessor to current Patent Local Rules 3–6 and 3–7, as follows:

> The patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. Rule 16–9(c) advances this purpose by making it difficult subsequently to revise claim charts through eleventh hour 'discovery' of facts. Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction [and] ensure that litigants put all their cards on the table up front.

*Atmel Corp. v. Info. Storage Devices, Inc.,* 1998 WL 775115 at *2–3 (N.D.Cal. Nov.5, 1998).

Once the initial disclosures are made, the lawsuit proceeds as to the products accused in those disclosures. A plaintiff who later desires to accuse additional products must do so by obtaining leave of court to amend its disclosures pursuant to Patent L.R. 3–7,[2] unless under the circumstances of the case the party can do so by serving Final Contentions pursuant to Patent L.R. 3–6, which does not seem to be the case here. Requiring or even permitting a plaintiff to amend or supplement its disclosures as it discovers new products would remove the claim construction process from the control of the court and signal a return to the "shifting sands" approach which sometimes occurred during the claim construction process prior to the enactment of the Patent Local Rules. In this case, for example, it would mean that after the court has held the claim construction hearing and perhaps even after it has issued its claim construction ruling, plaintiff could undo some or all of that process by simply amending, supplementing its earlier disclosures.

It is therefore **ORDERED** that defendants' Motion to Compel Supplemental Disclosures is **DENIED**. If plaintiff wishes to accuse the newly discovered products in this action, it must seek leave to amend its initial disclosures pursuant to Patent Local Rule 3–7. Defendants' Motion for Sanctions under Federal Rules of Civil Procedure 16 and 37 is **DENIED**.

---

1. There may well be cases where supplementation would be appropriate, such as where a party locates documents which should have been produced as part of a previously made initial disclosure under Patent Local Rule 3–2.

2. Patent L.R. 3–7 states:

> Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in Patent L.R. 3–6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.