NEOTHERMIA CORPORATION, Plaintiff,

v.

RUBICOR MEDICAL, INC., Defendant.

and Related Counterclaims.

No. C–03–4277 VRW (EMC).

United States District Court, N.D. California.

Nov. 15, 2004.

Jared Bobrow, Nicholas Brown, Weil Gotshal & Manges LLP, Redwood Shores, CA, David Thomas Pollock, Weil Gotshal & Manges LLP, Redwood City, CA, for plaintiff.

Daniel T. Shvodian, Howrey Simon Arnold & White, Menlo Park, CA, David Leon Bilsker Howrey Simon Arnold & White, San Francisco, CA, for defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS; AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, FOR A PROTECTIVE ORDER, AND TO EXTEND DISCOVERY CUT–OFF (Docket Nos. 49, 53)**

CHEN, United States Magistrate Judge.

In this suit, Plaintiff Neothermia Corporation asserts against Defendant Rubicor Medical, Inc. claims for patent infringement and breach of a nondisclosure agreement. Neothermia alleges that Rubicor obtained proprietary information in the course of business negotiations and used and revealed the information in Rubicor's own patent application. Neothermia has moved to compel production of documents pertaining to Rubicor's product involved in the alleged infringement and breach. *See* Docket No. 53. Rubicor has objected, relying in part on Neothermia's purported failure to comply with California Code of Civil Procedure § 2019(d). Rubicor has also filed its own discovery motion regarding a deposition. *See* Docket No. 49. The District Court referred both discovery motions to the undersigned for resolution.

Having considered the parties' motions and accompanying submissions, as well as the parties' joint letter of November 3, 2004 and the oral argument of counsel, the Court hereby GRANTS in part and DENIES in part each party's motion.

## I. DISCUSSION

In their joint letter of November 3, 2004, *see* Docket No. 62, the parties stated that they had reached agreement on eleven matters, conditioned on the Court's resolution of whether Rubicor may withhold discovery from Neothermia pursuant to California Code of Civil Procedure § 2019(d).

### A. *Applicability of California Code of Civil Procedure Section 2019(d)*

Section 2019(d) provides: "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act [ (UTSA) ] . . ., before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity. . . ." Cal.Code Civ. Proc. § 2019(d). Neothermia argues that the statute is not applicable to the instant case because it has asserted only a claim for breach of the nondisclosure agreement, not a claim for trade secret misappropriation pursuant to the UTSA. *See* Cal. Civ. Code § 3426 *et seq.* (UTSA).

Although neither party has cited any case which addresses the issue question, thus presenting an issue of first impression, the Court concludes that § 2019(d) does apply to the case at bar. On its face, § 2019(d) is not limited to misappropriation claims pursuant to the UTSA. By its terms, § 2019(d) does not require that an identification of a trade secret be made in any action in which a *claim* for a violation of the UTSA is being asserted. Rather, it requires only that an identification of a trade secret be made "[i]n any action *alleging* the misappropriation of a trade secret under the Uniform Trade Secrets Act."

Cal.Code Civ. Proc. § 2019(d) (emphasis added). In the instant case, Neothermia's allegation that Rubicor breached the non-disclosure agreement constitutes a "misap-propriation" as that term is defined by the UTSA. California Civil Code § 3246.1(b)(2)(B)(ii) defines misappropria-tion as "[d]isclosure or use of a trade secret of another without express or im-plied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was . . . [a]cquired un-der circumstances giving rise to a duty to maintain its secrecy or limit its use." Cal. Civ.Code § 3426.1(b)(2)(B)(ii). Section 2019(d) thus applies not only to theft of trade secrets, but also to disclosure of secrets in violation of a nondisclosure agreement as alleged in the instant case.

The Court's conclusion is consistent not only with the text of § 2019(d) but also its purposes. As explained in *Computer Eco-nomics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 985 (S.D.Cal.1999), the ear-ly identification of trade secrets, as re-quired by the statute, serves four pur-poses: (1) it promotes investigation of claims prior to suit and discourages the filing of meritless trade secret complaints; (2) it prevents plaintiff from using the discovery process as a means to obtain the defendant's trade secrets; (3) it frames the appropriate scope of discovery; and (4) it enables the defendant to form complete and well-reasoned defenses. In the case at bar, where misappropriation in the form of wrongful disclosure of trade secrets is al-leged, all of these considerations, particu-larly (3) and (4), apply.

## B. *Compliance with California Code of Civil Procedure Section 2019(d)*

Although the Court concludes that § 2019(d) is applicable to the instant case, it also finds that, based on the parties' joint letter (filed after the Court-ordered meet and confer), there is no real dispute that Neothermia has in fact identified its trade secrets with "reasonable particulari-ty" as required by § 2019(d). Cal.Code Civ. Proc. § 2019(d). Neothermia has sat-isfied the statute by way of interrogatory responses and declarations. Rubicor's only remaining concern is that Neothermia will continue to amend its trade secret identification (it already has once) thereby providing a shifting basis to which Rubicor must repeatedly respond. *See* Docket No. 62 (joint letter of 11/3/04, at 4) ("Rubicor asks this Court for an order . . . that Neothermia may not . . . further amend its trade secrets before Rubicor must produce more documents. Otherwise, this case could go on forever with an ever-moving target.").

However, § 2019(d) contains no express provision that prevents a party from amending its trade secret identification thereunder. Moreover, Federal Rule of Civil Procedure 26(e) allows a party to supplement disclosures or discovery re-sponses in certain circumstances—more specifically, it imposes a duty to supple-ment upon learning that the disclosures or responses are incomplete or incorrect. *See* Fed.R.Civ.P. 26(e) (discussing circum-stances in which a party must supplement or correct discovery disclosure). To read § 2019(d) as to ban a plaintiff from amend-ing its disclosures or responses would raise serious questions under the *Erie* doctrine. *See Computer Economics,* 50 F.Supp.2d at 986–92 (finding general application of § 2019(d) consistent with Federal Rules of Civil Procedure and applicable under *Erie* ).

On the other hand, Neothermia should not have free rein to amend its trade se-cret identification without limits. The pur-poses of § 2019(d)—in particular, the goals of preventing a plaintiff from using discov-ery as a means to obtain a defendant's trade secrets and enabling a "defendant[ ] to form complete and well-reasoned de-

fenses, ensuring that [it] need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation," *id.* at 985—would easily be frustrated were Neothermia given complete freedom to amend its disclosure under § 2019(d) as the case evolves. Accordingly, the Court cautions Neothermia that, should it seek to amend its trade secret identification in the future, it shall have to demonstrate good cause for the amendment. Such a requirement, grounded in the purposes underlying § 2019(d), is perfectly consistent with the Federal Rules of Civil Procedure. Initial disclosures under Federal Rule of Civil Procedure 26(a), like § 2019(d), are designed to facilitate the parties' understanding of the case early on and to inform the appropriate scope of discovery. Moreover, supplements to initial disclosures under Rule 26(e) must be made "at appropriate intervals." Fed. R.Civ.P. 26(e)(1); *see also* Schwarzer *et al., Federal Civil Procedure Before Trial* § 11:343 (2004) (stating that supplemental disclosures should be made "promptly"). The requirement imposed herein parallels those of this District's Patent Local Rules which are designed to prevent the "shifting sands" approach to patent litigation, *see Integrated Circuit Sys. v. Realtek Semiconductor Co.,* 308 F.Supp.2d 1106, 1107 (N.D.Cal.2004) (noting that Patent Local Rules were adopted to prevent "shifting sands" approach to claim construction), a concern which applies with equal force to trade secrets allegations and discovery such as that at issue here. *Cf.* Patent L.R. 3–7 (stating that amendment of preliminary or final infringement contentions or amendment of preliminary or final invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause").

## II. *CONCLUSION*

Based on the foregoing, the Court orders as follows:

1. Although § 2019(d) is applicable to the instant case, there is no dispute that Neothermia has identified its trade secrets with reasonable particularity as required by the statute. Rubicor therefore shall provide the discovery as discussed in Items Nos. 1–9 of the parties' joint letter. *See* Docket No. 62. Rubicor shall have until December 1, 2004, to respond to the interrogatories at issue and to produce documents that will not involve substantial review and redaction for attorney-client or work product privilege. Rubicor shall have until December 22, 2004, to produce those documents that will involve substantial review and redaction for privilege.

2. The depositions of Philip Eggers, Eric Eggers, and Andrew Eggers shall proceed on the dates agreed upon by the parties in Items Nos. 10–11 of the parties' joint letter. *See* Docket No. 62. There is no need for Neothermia to review Rubicor's documents prior to these depositions. Neothermia has admitted that it would not be able to have any of the above individuals review Rubicor's documents given Rubicor's intention to designate its documents at the highest level of confidentiality (*i.e.,* attorney's eyes only).

For the foregoing reasons, Neothermia's motion to compel is GRANTED and for a protective order is DENIED. Neothermia's motion to extend the discovery cutoff is DENIED as moot in light of Judge Walker's order of October 15, 2004 (Docket No. 60). Rubicor's motion to compel is GRANTED and for sanctions is DENIED.

This order disposes of Docket Nos. 49 and 53.

IT IS SO ORDERED.