[No. B181405. Second Dist., Div. Six. Sept. 13, 2005.]

ADVANCED MODULAR SPUTTERING, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent;
SPUTTERED FILMS, INC., Real Party in Interest.

[No. B183766. Second Dist., Div. Six. Sept. 13, 2005.]

SPUTTERED FILMS, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent;
SERGEY MISHIN et al., Real Parties in Interest.

**COUNSEL**

Hollister & Brace, Bradford F. Ginder; White & Case and Ellen McGinty King for Petitioner in No. B181405 and Real Parties in Interest in No. B183766.

Morgan, Lewis & Bockius and Carla B. Oakley for Agilent Technologies, Inc., as Amicus Curiae on behalf of Petitioner in B181405.

No appearance for Respondent.

Reicker, Pfau, Phyle, McRoy & Herman, Alan A. Blakeboro, Diana Jessup Lee; Keker & Van Nest, Jon B. Streeter and Daniel E. Jackson for Real Party in Interest and for Petitioner Sputtered Films, Inc.

## OPINION

**YEGAN, Acting P. J.**—This is a first impression trade secret civil discovery case. We hold that Code of Civil Procedure section 2019.210 (formerly Code of Civ. Proc,. § 2019, subd. (d)),[1] which provides that discovery relating to a trade secret may not commence until the trade secret is identified with "reasonable particularity," is not limited in its application to a cause of action under the Uniform Trade Secrets Act (UTSA) (Civ. Code, §§ 3426–3426.11), for misappropriation of the trade secret, but extends to any cause of action which relates to the trade secret. We also hold that where the plaintiff makes a showing that is reasonable, i.e. fair, proper, just, rational, the trade secret has been described with "reasonable particularity," and is sufficient to permit discovery to commence.

The trial court's February 17, 2005 order adopts an inappropriately strict construction of the term "reasonable particularity" and erroneously distinguishes between a cause of action for misappropriation of trade secrets and other causes of action which also depend upon the same alleged misappropriation. Accordingly, we vacate the February 17, 2005 order and remand the matter for further consideration in light of the rules articulated herein.

### Facts and Proceedings

Sputtered Films, Inc. (Sputtered Films), manufactures "sputtering" equipment. Sputtering is the process of depositing a thin and even film of material onto a silicon wafer or other substrate. Sputtered Films's machines have many industrial applications such as coating silicon wafers during the semiconductor manufacturing process. It alleges that it has spent the last 35 years researching and developing sputtering processes, culminating in the design and construction of the "Series IV S-Gun" and the "Endeavor Sputtering Machine," both of which employ Sputtered Films's unique trade secret and patented technology.

Sputtered Films alleges that it laid off its former employees, petitioners Sergey Mishin and Rose Stuart-Curran (Curran), due to a downturn in its business. As an accommodation to him, Sputtered Films gave Mishin permission to service sputtering machines sold to its former customer, Agilent

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

Technologies, Inc. (Agilent). Mishin and Curran then formed petitioner Advanced Modular Sputtering, Inc. (AMS). Within four years, AMS was Sputtered Films's competitor and was selling sputtering machines to Agilent and other customers of Sputtered Films.

Sputtered Films alleges that AMS was able to develop the competing "knock off" machine so quickly because it used trade secrets that Mishin and Curran misappropriated when they left Sputtered Films. Its complaint alleges 10 causes of action: specific performance of the confidentiality agreement each former employee executed in favor of Sputtered Films, breach of those contracts, breach of the covenant of good faith and fair dealing implied in those contracts, misappropriation of trade secrets, unfair competition, unfair business practices, interference with prospective economic advantage, conversion, unjust enrichment, and declaratory relief. Each cause of action incorporates and depends upon the foundational allegation that petitioners have misappropriated Sputtered Films's trade secrets.

On AMS's motion, the trial court granted a protective order pursuant to former section 2019, subdivision (d) (now redesignated § 2019.210), which bars discovery until Sputtered Films identifies the specific trade secrets it alleges have been misappropriated. The trial court also appointed a discovery referee, an experienced civil litigation attorney, to recommend a resolution of this and other discovery disputes in this complex litigation.[2]

Sputtered Films has since filed three additional trade secret designations, refining and restating the parameters of its claimed trade secrets. AMS has objected to each designation, submitting the declarations of expert witnesses to support its contention that the claimed trade secrets are too vaguely described to distinguish them from information that is already known in the industry. Sputtered Films has, of course, rebutted these objections with expert witness declarations of its own. These experts declare, among other things, that the trade secrets are adequately described, that they involve information not commonly known in the industry, and that AMS's experts are being purposefully obtuse when they claim confusion over the nature or boundaries of the alleged trade secrets. On each occasion, the discovery referee and trial court have found Sputtered Films's designation insufficient to identify the trade secrets with reasonable particularity. As a result, the parties have created a voluminous record, expended thousands of dollars on attorney fees and expert witnesses, and consumed considerable judicial resources without ever even beginning to conduct discovery.

---

[2] In addition, the parties stipulated to the entry of another protective order pursuant to which many of their documents are treated as confidential and filed under seal. To avoid disclosure of the parties' confidential information we are, in this publicly available opinion, purposefully vague in our descriptions of the claimed trade secrets, the trade secret designations, the expert witness declarations and other related documents.

After considering Sputtered Films's third (and final) designation of trade secrets, the discovery referee concluded that there remained "a lack of meaningful particularity" as to each designated trade secret. Although the referee acknowledged that six of the eight claimed secrets consist of a "combination of features which plaintiff suggests are unique to its equipment or processes[,]" he complained that the individual features of the trade secrets were not "identified with adequate particularity to apply them meaningfully." He did not address Sputtered Films's contention that the combination of these features was itself unique and secret. The referee also noted that Sputtered Films had not described how AMS was allegedly misappropriating the second feature of its first claimed trade secret, nor had it produced a complete copy of its source code, which comprises the fifth claimed trade secret.

Finding this third designation inadequate, the referee recommended that "discovery by [Sputtered Films] relating to the allegations of misappropriation of trade secrets should be further stayed. Discovery in all other respects should proceed. If the plaintiff wishes to pursue its cause of action for misappropriation of trade secrets, it should proceed with the preparation of a further designation, or seek a determination from the court(s) that the designation last presented is adequate." As we shall explain, this was the seed of error.

Unfortunately, the trial court cultivated this seed by adopting the referee's recommendations as its order, noting that "SFI is not foreclosed from filing a Fourth Designation of Trade Secrets but that must be done within 15 days." The trial court further ordered however, "Unless good cause is shown, the Trade Secrets cause of action will be dismissed [in 30 days] unless a Fourth Designation has been filed and the referee has been given an adequate opportunity to consider it."

AMS filed a petition for writ of mandate to reverse that portion of the trial court's order which permits Sputtered Films to conduct discovery on all causes of action other than its cause of action under the UTSA for misappropriation of trade secrets. Sputtered Films filed its own writ petition, challenging the trial court's finding that its third designation of trade secrets did not satisfy former section 2019, subdivision (d). We summarily denied both writ petitions.

AMS petitioned our Supreme Court for review. Sputtered Films opposed the petition for review and also requested, pursuant to California Rules of Court, rule 28(a)(2), that the court review the additional question whether the trial court erred in ruling its trade secret designations inadequate. Our Supreme Court granted AMS's petition for review and transferred the matter to us with directions to issue an order to show cause why the relief sought in

the petition should not be granted. (Nos. S133133, B181405.) Thereafter, Sputtered Films filed a writ petition, renewing its request that we review the trial court's finding that its trade secrets designation did not satisfy former section 2019, subdivision (d). (No. B183766.) We issued orders to show cause with respect to both petitions, ordered them consolidated for purposes of oral argument and disposition, and now vacate the trial court's order of February 17, 2005.

*Standard of Review*

■ Ordinarily, the "[m]anagement of discovery lies within the sound discretion of the trial court. Consequently, appellate review of discovery rulings is governed by the abuse of discretion standard." (*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061 [95 Cal.Rptr.2d 864].) The questions presented here, however, do not concern the management of discovery. Rather, they require us to construe the mandate, imposed by section 2019.210, that trade secrets be identified with reasonable particularity before discovery commences. ■ Statutory construction is a question of law which we determine de novo. (*Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1176 [86 Cal.Rptr.2d 917].)

*Discussion*

Section 2019.210 provides: "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code."[3] A trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: [¶] (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and [¶] (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (Civ. Code, § 3426.1, subd. (d); see *IMAX Corp. v. Cinema Technologies, Inc.* (1998) 152 F.3d 1161, 1165.)

The purpose of section 2019.210 is as follows: "First, it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a

---

[3] Effective July 1, 2005, former section 2019, subdivision (d) was renumbered section 2019.210 without substantive change.

means to obtain the defendant's trade secrets. [Citations.] Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. [Citations.] Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation. [Citation.]" (*Computer Economics, Inc. v. Gartner Group Inc.* (1999) 50 F.Supp.2d 980, 985.)

The trial court's February 17, 2005 order bars discovery on Sputtered Films's misappropriation claim, because Sputtered Films has not designated or identified its claimed trade secrets with sufficient particularity. It permits discovery to proceed on the remaining nine causes of action alleged in the complaint. Our task is to determine whether this order is consistent with the mandate of section 2019.210.

■ Our California Supreme Court has recently restated the familiar rules of statutory construction: "Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].)

■ Section 2019.210 is clear and requires little if any interpretation or construction. By its own express terms, section 2019.210 is not "cause of action" specific. (See *Neothermia Corp. v. Rubicor Medical, Inc.* (2004) 345 F.Supp.2d 1042, 1043.) Rather, it refers to any "action," i.e. the entire lawsuit, "alleging . . . misappropriation of a trade secret." (§ 2019.210.) While we can envision an "action" alleging misappropriation in some causes of action but not in others, the instant "action" is not one of them.

■ A fair reading of this complaint and its 10 causes of action compels the conclusion that each and every cause of action hinges upon the factual allegation that AMS misappropriated Sputtered Films's trade secrets. For example, the complaint alleges that Mishin and Curran have breached their confidentiality agreements with Sputtered Films by disclosing the trade secrets to AMS. There is no other breach alleged. The other causes of action are similarly dependent on the misappropriation allegation. Under these circumstances, an order that bars discovery on the cause of action for misappropriation but permits it on the others simply makes no sense. Where,

as here, every cause of action is factually dependent on the misappropriation allegation, discovery can commence only after the allegedly misappropriated trade secrets have been identified with reasonable particularity, as required by section 2019.210.

The letter and spirit of section 2019.210 require the plaintiff, subject to an appropriate protective order, to identify or designate the trade secrets at issue with " 'sufficient particularity' " to limit the permissible scope of discovery by distinguishing the trade secrets " 'from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.' " (*IMAX Corp., supra,* 152 F.3d at pp. 1164–1165 (italics omitted), quoting *Universal Analytics v. MacNeal-Schwendler Corp.* (C.D.Cal. 1989) 707 F.Supp. 1170, 1177; see also *Diodes, Inc. v. Franzen* (1968) 260 Cal.App.2d 244, 253 [67 Cal.Rptr. 19].)

Just what constitutes a sufficient showing of "reasonable particularity" is not addressed by the statutes or the case law, and for good reason. As Chief Justice Rehnquist has said, the law is purposely vague in some areas so that there is "play in the joints." (*Locke v. Davey* (2004) 540 U.S. 712, 718 [158 L.Ed.2d 1, 124 S.Ct. 1307].) This is a descriptive way of saying that the law is flexible enough for the referee or the trial court to achieve a just result depending on the facts, law, and equities of the situation.

The trade secret designation mandated by section 2019.210 is not itself a pleading but it functions like one in a trade secret case because it limits the scope of discovery in much the same way as the allegations of a complaint limit discovery in other types of civil actions. Here it appears to us that the discovery referee and the trial court have taken a rather stingy view of the trade secret designations, harkening back to the days of strict code pleading. (See *In re Birdwell* (1996) 50 Cal.App.4th 926, 929, fn. 3 [58 Cal.Rptr.2d 244], citing *People v. Jacinto Aro* (1856) 6 Cal. 207, 209.) The rule that a trade secret must be pled with "reasonable particularity" does not mean that the designation must be strictly construed against the pleader. (See, e.g., *Lavine v. Jessup* (1958) 161 Cal.App.2d 59, 64–65 [326 P.2d 238].) Generally speaking, pleadings are to be liberally construed in favor of the pleader and doubts about the permissible scope of discovery are to be resolved in favor of disclosure. (§ 452; *Terry Trading Corp. v. Barsky* (1930) 210 Cal. 428, 438 [292 P. 474]; *Glenfed Development Corp. v. Superior Court* (1997) 53 Cal.App.4th 1113, 1119 [62 Cal.Rptr.2d 195].)

"Reasonable particularity" mandated by section 2019.210 does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation. Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a

misappropriation claim before discovery may commence. Rather, it means that the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational (see *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 90 [260 Cal.Rptr. 520, 776 P.2d 222]), under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits. (§ 2017.010; *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 223–224 [61 Cal.Rptr.2d 567]; *Diodes, Inc. v. Franzen, supra,* 260 Cal.App.2d at p. 253.)

■ The degree of "particularity" that is "reasonable" will differ, depending on the alleged trade secrets at issue in each case. Where, as here, the alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field. Nothing in section 2019.210 precludes the trial court from considering relevant evidence, including expert witness declarations, on the adequacy of a designation to describe the alleged trade secrets and distinguish them from prior art. But it remains true that, at this very preliminary stage of the litigation, the proponent of the alleged trade secret is not required, on pain of dismissal, to describe it with the greatest degree of particularity possible, or to reach such an exacting level of specificity that even its opponents are forced to agree the designation is adequate. We question whether any degree of specificity would satisfy that lofty standard. What is required is not absolute precision, but "reasonable particularity."

■ Here, Sputtered Films has identified eight alleged trade secrets, each with several discreet features that, in combination with one another, form the alleged trade secrets. It has described how it believes the combination of these features distinguish the alleged trade secrets from the prior art, or matters within the general knowledge of persons in the sputtering industry. AMS and its experts contend the alleged trade secrets are well known in the industry and that they have been described in a vague or overbroad manner. Sputtered Films's experts dispute both contentions. We have no doubt the experts will continue to disagree on these crucial questions. For our purposes, at this prediscovery stage of the proceedings, it is appropriate to recognize the existence of this credible dispute, but not necessarily to resolve it. Where, as here, credible experts declare that they are capable of understanding the designation and of distinguishing the alleged trade secrets from information already known to persons in the field, the designation should, as a general rule, be considered adequate to permit discovery to commence. Our discovery

statutes are designed to ascertain the truth, not suppress it. Any doubt about discovery is to be resolved in favor of disclosure. (*Glenfed Development Corp., supra,* 53 Cal.App.4th at p. 1119.)

Let peremptory writs of mandate issue in Nos. B181405 and B183766. The orders to show cause, having served their purpose, are vacated and the matters are remanded to the trial court for reconsideration in light of the rules articulated herein.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied October 11, 2005, and the petition of petitioner Advanced Modular Sputtering, Inc., and real parties in interest Sergey Mishin et al., for review by the Supreme Court was denied November 16, 2005. Werdegar, J., did not participate therein.