Laura **HEINEMANN**, Defendant-cross-plaintiff—Appellant,

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC.**, a New York corporation, Plaintiff-cross-defendant—Appellee,

v.

Andrew L. Richards; et al., Cross-defendants—Appellees.

Laura Heinemann, Defendant-counter-claimant—Appellee,

v.

Computer Associates International, Inc., a New York corporation, Plaintiff-cross-defendant—Appellant,

v.

Andrew L. Richards; et al., Cross-defendants.

No. 04–56234, 04–56375.

D.C. No. CV–03–04924–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided March 21, 2006.

Brent H. Blakely, Esq., Los Angeles, CA, for Defendant-cross-plaintiff–Appellant.

Cooley Godward, Cooley Godward LLP, San Diego, CA, for Plaintiff-cross-defendant–Appellee.

Before CANBY, NOONAN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

### I.

Laura Heinemann appeals from the district court's grant of Computer Associates' motion for summary judgment on Heinemann's claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act (FEHA), California Labor Code § 1102.5, and public policy. We review the district court's grant of summary judgment *de novo*. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995).

On review of a grant of summary judgment, we must view the evidence in the light most favorable to Heinemann, and bear in mind that this court requires the non-moving party to produce "very little evidence" to overcome a motion for summary judgment in a discrimination case. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir.2000).

To establish a prima facie case of retaliation, Heinemann must demonstrate that she engaged in a protected activity, that her employer subjected her to an adverse employment action, and that there was a causal link between the protected activity and the employer's adverse action. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2000) (Title VII); *Strother v. S. Cal. Permanente Med. Group,* 79 F.3d 859, 868 (9th Cir.1996) (FEHA); *Love v. Motion Industries, Inc.,* 309 F.Supp.2d 1128, 1134 (N.D.Cal.2004) (California Labor Code § 1102.5).

■ There is no dispute as to the first two factors. Heinemann engaged in a protected activity when she made a complaint to the California Department of Fair Employment and Housing (DFEH). *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1125 n. 19 (9th Cir.2004). Heinemann was subsequently terminated by Computer Associates, which constitutes an adverse employment action. *See Thomas v. City of Beaverton,* 379 F.3d 802, 811 (9th Cir.2004). "Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987).

■ Heinemann established that Computer Associates became aware of her complaint to DFEH approximately one month prior to her termination. This temporal proximity alone is sufficient to establish a genuine issue of material fact as to whether a causal link exists. *City of Beaverton,* 379 F.3d at 812. Heinemann also presented genuine issues of material fact regarding whether at least some of the decision makers who terminated her were aware of her protected activity. *See Hernandez v. Spacelabs Med., Inc.,* 343 F.3d 1107, 1114–1115 (9th Cir.2003); *Bergene v. Salt River Project Agr. Imp. & Power Dist.,* 272 F.3d 1136, 1141 (9th Cir.2001).

■ Once a prima facie case of retaliation is established, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the termination. *Strother,* 79 F.3d at 870. It then shifts back to the plaintiff to demonstrate that the asserted reason was pretext for retaliation. *Id.* Computer Associates' proffered a legitimate non-discriminatory reason for terminating Heinemann, which was that Computer Associates terminated Heinemann after determining that she had improperly copied and pasted a client's signature on a sales contract, which had been obtained from a previous sale contract rather than obtained as the result of the negotiations over the current contract. This determination was made after an internal investigation, which was led by employees of Computer Associates who were unaware of Heinemann's complaint to DFEH. Contrary to Judge Kleinfeld's assertion in dissent that Computer Associates offered overwhelming evidence to prove the Heinemann had forged the signature on the client sales contract, the only overwhelming evidence offered was that the signature on the sales contract was inauthentic. A genuine issue of material fact exists as to whether Heinemann was the person who copied and pasted the signature on to the current sales contract.

■ Heinemann also presented genuine issues of material fact to dispute this proffered reason by offering evidence that the individuals involved in the ultimate decision to terminate her may have acted with retaliatory animus. Her evidence is enough to establish pretext because "the same evidence can be used to establish a prima facie case and .... create a genuine issue regarding whether the employer's explanations are pretextual." *Id.* Even if, as Judge Kleinfeld suggests, the evidence established that Heinemann had forged the signature on the sales contract, a genuine issue of material fact exists as to whether Heinemann would have been ter-

minated if she had not participated in the protected activity. Heinemann presented evidence that Computer Associates might have otherwise taken into account her length of service or the revenue that she had previously generated for Computer Associates.

We therefore hold that, with the evidence viewed in the light most favorable to Heinemann, the district court erred in granting summary judgment on the retaliation claim.

## II.

■ Heinemann also appeals the district court's denial of her motion to compel production of documents and the district court's decision not to allow further discovery pursuant to Rule 56(f). The motion to compel production of documents is reviewed for abuse of discretion. *Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1147 (9th Cir.2000). The district court did not abuse its discretion because Heinemann did not establish the "actual and substantial prejudice" she would suffer without such discovery. *Sablan v. Dep't of Finance*, 856 F.2d 1317, 1321 (9th Cir.1988). The district court's denial of Heinemann's motion to compel is affirmed.

In light of our action reversing the district court's grant of Computer Associates' motion for summary judgment on Heinemann's retaliation claims, the Rule 56(f) motion requesting a continuance to permit additional discovery before the district court ruled on Computer Associates' motion for summary judgment is moot.

## III.

Computer Associates cross appeals the district court's grant of Heinemann's motion for summary judgment on Computer Associates' claims against Heinemann for breach of contract, misappropriation of trade secrets, and conversion.

■ Computer Associates has established genuine issues of material fact to support the elements of a breach of contract claim. *Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 442 P.2d 377 (1968). A reasonable trier of fact could find that an employment contract existed requiring Heinemann to return all property to Computer Associates upon her termination, that Heinemann failed to return all property, and that Computer Associates suffered damages.

■ Computer Associates also put forward sufficient evidence to establish that the elements of conversion were met. *Farmers Ins. Exch. v. Zerin*, 53 Cal. App.4th 445, 451, 61 Cal.Rptr.2d 707 (Cal. Ct.App.1997). Computer Associates owned a laptop that Heinemann improperly possessed after her termination and Computer Associates suffered damages. Heinemann's affirmative defenses of the doctrine of illegality, doctrine of unclean hands, and California Civil Code § 47 involve disputed facts. We reverse the district court's grant of summary judgment for Heinemann as to the claims for breach of contract and conversion.

■ We affirm the district court's grant of summary judgment for Heinemann on Computer Associates' claim that Heinemann misappropriated trade secrets because Computer Associates failed to describe the trade secrets with any "reasonable particularity." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal.App.4th 826, 836, 33 Cal.Rptr.3d 901 (Cal.Ct.App.2005).

Finally, Heinemann's claim that Computer Associates failed to calculate damages as required by FRCP 26 and, as a result, that all claims against her are barred under FRCP 37 is without merit.

REVERSED in part, AFFIRMED in part, and REMANDED. Each party shall bear their own costs.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent from part I, the majority's determination that the district court erred in granting summary judgment in favor of Computer Associates on the retaliation claim. I concur in parts II and III.

In order to meet her burden, Heinemann must provide evidence which, when viewed in the light most favorable to her, proves 1) that one of the individuals involved in the decision to fire her was knew of her whistleblowing activity; 2) that the firing was motivated by it; and 3) that this animus was a "but-for" cause of the decision to fire her.[1]

In this case, in light of the overwhelming evidence that Computer Associates offered to prove that Heinemann had forged the signature of a client on a sales contract, it is impossible to believe that Heinemann's complaint to the California Department of Fair Employment and Housing (DFEH) was a "but-for" cause of her termination.[2] It seems clear that even if Heinemann had not filed a complaint with DFEH, she would have been terminated on the basis of the evidence of her forgery.[3] She should not be able to protect herself from termination on the basis of stealing from her employer simply by filing a complaint with a government agency. The Supreme Court has explained that Title VII does not require a company to employ an individual who has engaged in unlawful activities against the company,[4] nor do employment laws compel any such outcome.

1. *See McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 282 n. 10, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976)(in proving that the reason for firing the employee was a pretext, "no more is required to be shown than that [the protected action] was a 'but for' cause" of the discharge); *Reeves v. Safeway Stores, Inc.*, 121 Cal.App.4th 95, 16 Cal. Rptr.3d 717, 726–27 (2004)("The issue in each case is whether retaliatory animus was a but-for cause of the employer's adverse action .... the plaintiff can establish the element of causation by showing that *any* of the persons involved in bringing about the adverse action held the requisite animus, provided that such person's animus operated as a 'but-for' cause, i.e., a force without which the adverse action would not have happened.").

2. The majority minimizes the evidence that Heinemann had in fact forged the signature on the contract. Besides proof that the signature had been cut and pasted onto the fax from another document, the investigator discovered: 1) that the person whose signature appeared on the contract as "Director of Data Processing"; had not held that position for several years, 2) that the company in question had received a proposed contract from Heinemann, but had not yet forwarded it to the appropriate person for consideration, 3) that Heinemann had vouched for the signature by

saying that she was familiar with the individual who had signed the contract and knew why he had signed it rather than the compnay's president, 4) that all signatures on the document appeared identical even though there were several signatures across several different pages, and 5) that the signature appeared to have been taken from a 1993 contract when a comparison between the two documents was done.

3. The majority also suggests Computer Associates might have kept Heinemann on, even after discovering that she was cheating on her quotas and commissions. This assertion is not supported by anything in the record. Heinemann did not offer evidence that the company had kept other employees suspected of this type of misconduct on the payroll and it is not so common for a company to do so that we should just assume it on her behalf. Grace Caden, Senior Vice President for the Internal Audit department, who kenw nothing of Heninemann's complaint to DFEH, stated in her declaration that falsifying a contract was specifically against company policy and grounds for termination.

4. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)("Nothing in Title VII compels an em-

While the majority is correct to say that the burden has shifted back to Heinemann to prove that Computer Associates's reason for firing her was a mere pretext, it is incorrect in holding that she has offered sufficient evidence to prevent summary judgment against her on this issue. The employer provided proof that her superiors found out that she had forged a nonexistent contract, which would generate an unearned sales commission. There is no evidence from which a reasonable jury could conclude that this discovery was a mere pretext for firing Heinemann.

ployer to absolve and rehire one who has engaged in such deliberate, unlawful activity against it.'').