**NSIGHT, INC., Plaintiff—Appellant,**

v.

**PEOPLESOFT, INC., Defendant—Appellee.**

No. 06–17246.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2008.

Filed Oct. 7, 2008.

Naren Chaganti, Esquire, Town & Country, MO, for Plaintiff–Appellant.

James A. Hughes, Esquire, Sullwold & Hughes, San Francisco, CA, for Defendant–Appellee.

Before: FERNANDEZ and GOULD, Circuit Judges, and SEDWICK *, District Judge.

MEMORANDUM **

nSight, Inc. ("nSight") appeals the district court's partial dismissal and grant of summary judgment in favor of PeopleSoft, Inc.[1] ("PeopleSoft"). nSight's counsel, Naren Chaganti, separately appeals an order granting sanctions against him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court orders.[2]

A. Dismissal of nSight's monopolization claims

█ We review a dismissal for failure to state a claim pursuant to 12(b)(6) de novo. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 782 (9th Cir.1996). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Id.* at 782–83. Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004).

Dismissal of nSight's monopolization claims under Section 2 of the Sherman Act and under California's Cartwright Act[3]

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In 2005, Oracle Corporation acquired PeopleSoft, which ceased to exist. PeopleSoft's successor is Oracle USA, Inc. To avoid confusion, we will refer to Appellee as PeopleSoft.

2. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

3. nSight's monopolization and attempted monopolization claims under the Cartwright Act fail for the same reasons as its Section 2 claim. *See Marin County Bd. of Realtors, Inc. v. Palsson,* 16 Cal.3d 920, 130 Cal.Rptr. 1, 549 P.2d 833, 835 (1976) (holding that "federal cases interpreting the Sherman Act are

was proper because nSight failed to allege that PeopleSoft had power within a relevant market. *Pac. Express, Inc. v. United Airlines, Inc.,* 959 F.2d 814, 817 (9th Cir. 1992) (setting forth elements for monopolization claim). Further, nSight failed to plead facts that PeopleSoft had a "dangerous probability of success" in its attempt to control the relevant market or any intent to control prices. *Id.* (setting forth essential elements of claim for attempt to monopolize). On appeal, nSight claims that PeopleSoft denied it access to "essential facilities" by cutting off certification and training in violation of Section 2. nSight did not present this theory before the district court, and we do not consider this argument on appeal. *See Beech Aircraft Corp. v. United States,* 51 F.3d 834, 841 (9th Cir.1995). Even if nSight had timely raised this argument, it fails because nSight did not allege facts indicating that PeopleSoft had the power to eliminate competition. *Paladin Assocs., Inc. v. Mont. Power Co.,* 328 F.3d 1145, 1162–63 (9th Cir.2003). ("To prove its monopoly claim under the essential facilities doctrine, [nSight] must show, among other things, that [PeopleSoft] controls a facility that is essential" and one "is 'essential' only if control of the facility carries with it the power to eliminate competition in a downstream market").

B. Summary judgment on nSight's federal claims

PeopleSoft was entitled to summary judgment on each of the additional federal claims. We review a district court's grant of summary judgment de novo. *Alaska Airlines, Inc. v. United Airlines, Inc.,* 948 F.2d 536, 539 (9th Cir.1991). We view the evidence in the light most favorable to the non-moving party in determining whether there are any genuine issues of material fact and whether the district court applied the relevant law. *Id.* "Although antitrust cases are sometimes difficult to resolve on summary judgment because of their factual complexity, summary judgment is still appropriate in certain cases." *County of Tuolumne v. Sonora Cmt. Hosp.,* 236 F.3d 1148, 1154 (9th Cir.2001).

■ First, summary judgment was proper for nSight's Section 1 claim because nSight did not present any evidence of concerted action unreasonably to restrain trade. *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 768, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984) (phrase "contract, combination ... or conspiracy" requires the concerted action of more than one person or entity—wholly unilateral conduct does not implicate Section 1); *Pinhas v. Summit Health, Ltd.,* 894 F.2d 1024, 1033 (9th Cir.1989) (same); *see also Alaska Airlines, Inc. v. United Airlines, Inc.,* 948 F.2d 536, 541 (9th Cir.1991) (absent concerted activity, there is no liability under Section 1).

■ Second, PeopleSoft was entitled to summary judgment on nSight's tying claim under 15 U.S.C. § 14. nSight claims that PeopleSoft engaged in unfair competition by tying the sale of its software and/or software upgrades upon a buyer's purchase of PeopleSoft's consulting or implementation services. nSight, however, did not satisfy the elements of tying as *per se* illegal, namely because it did not show that PeopleSoft had appreciable economic power to coerce acceptance of the tied product. *See Paladin Assocs., Inc.,* 328 F.3d at 1159 ("Essential to the second element of a tying claim is proof that seller *coerced* buyer to purchase the tied product.") (emphasis in original). nSight also did not meet its initial burden to prove tying under a "rule of reason" analysis because

applicable to problems arising under the Cart-          wright Act'').

there was no showing that the alleged tying restrained trade in the relevant market to impair competition. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1413 (9th Cir. 1991) (explaining the requirements and plaintiff's initial burden for tying under the rule of reason analysis).

■ Third, nSight claims trade disparagement in violation of Section 43 of the Lanham Act. But summary judgment on this claim was proper because nSight did not show that PeopleSoft made a false statement of fact about nSight's services or its own services. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir.2008) (stating elements of a prima facie case under the Lanham Act).

C. The district court's exercise of supplemental jurisdiction

■ nSight argues that the district court erred in exercising supplemental jurisdiction after the district court dismissed and entered summary judgment on all federal claims and after nSight filed its notice of appeal. We review for abuse of discretion a district court's decision to retain jurisdiction over supplemental claims after the original federal claims are dismissed. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir.2004).

The district court was familiar with the facts and issues underlying nSight's state law claims and it did not abuse its discretion in retaining supplemental jurisdiction to advance judicial economy and convenience to the parties. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir.2008) (holding that the district court did not abuse its discretion by retaining supplemental jurisdiction over remaining state law claims because judicial economy and convenience to the parties were better accommodated by hearing the claims); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) (en banc) (recognizing the discretionary nature of section 1367(c) and observing that a "district court with the power to hear state law claims has discretion to keep, or decline to keep, them"); *see also* 28 U.S.C. § 1367(c).

■ The district court had authority to entertain PeopleSoft's timely-filed motion under Rule 59(e) to amend or alter the judgment even after nSight filed its notice of appeal. *See* Fed. R.App. Pro. 4(a)(4). If a party files a timely motion under Rule 59(e), the district court retains jurisdiction to consider the motion, and the time to appeal is tolled until an order is entered on the motion. Fed. R.App. P. 59(e); *Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir.1995) (notice of appeal "shall be in abeyance and become effective upon the date of entry of an order disposing of the Rule 59(e) motion"). PeopleSoft filed its Rule 59(e) motion within the ten days permitted by the rule, the district court had jurisdiction to rule on the motion, and there was no conflict in jurisdiction.

D. Summary judgment on the state law claims

nSight alleged nine state law causes of action against PeopleSoft. We affirm the district court's grant of summary judgment for each of these claims. We review a district court's grant of summary judgment de novo. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 539 (9th Cir.1991). We may affirm the district court's order granting summary judgment on any basis that is supported in the record. *Miranda v. City of Cornelius*, 429 F.3d 858, 860 n. 1 (9th Cir.2005).

■ PeopleSoft did not breach a duty of good faith and fair dealing based on any "Teaming Agreements," because nSight did not produce evidence of the existence of any express or implied agreement pertaining to any specific customers. There

was no contract, and no duty of good faith and fair dealing. *See Archdale v. Am. Int'l Specialty Lines Ins. Co.,* 154 Cal. App.4th 449, 463, 64 Cal.Rptr.3d 632 (Cal. Ct.App.2007) (explaining that in every contract an implied covenant of good faith and fair dealing arises).

■ For the same reasons, PeopleSoft was also entitled to summary judgment on nSight's claims for breach of contract and breach of fiduciary duty arising from the same alleged Teaming Agreements. nSight did not produce facts that the Teaming Agreements existed, thus the breach of contract claim fails. nSight alleged a breach of fiduciary duty predicated on an alleged partnership created by the Teaming Agreements, but PeopleSoft did not associate with nSight as co-owners. No partnership, and thus no fiduciary duty was created. *See Cochran v. Bd. of Supervisors,* 85 Cal.App.3d 75, 81, 149 Cal.Rptr. 304 (Cal.Ct.App.1978) ("A partnership is an association of two or more persons to carry on as co-owners a business for profit.").

■ nSight alleges tying under Sections 16720 and 16727 of the California Business and Professions Code. However, nSight did not show that PeopleSoft conditioned the sale of its software and/or software upgrades upon a buyer's purchase of PeopleSoft's consulting or implementation services. *Morrison v. Viacom, Inc.,* 66 Cal. App.4th 534, 541, 78 Cal.Rptr.2d 133 (Cal. Ct.App.1998) (noting the "requirement that a buyer purchase one product or service as a condition of the purchase of another" in order to have a tying arrangement).

■ nSight's claim for trade libel is without merit because there was no evidence that PeopleSoft made any false statements about the quality of nSight's services or product. *ComputerXpress,*

*Inc. v. Jackson,* 93 Cal.App.4th 993, 1010–11, 113 Cal.Rptr.2d 625 (Cal.Ct.App.2001) (noting that to constitute trade libel, there must be a false statement concerning the quality of services or product of that business).

■ nSight claims that PeopleSoft interfered with existing and prospective business advantage because it disrupted benefits nSight expected to receive from the alleged Teaming Agreements by disparaging nSight and coercing customers. Summary judgment was proper on this claim: There was no evidence (1) that Teaming Agreements existed, (2) that PeopleSoft engaged in coercive behavior by tying, or (3) that PeopleSoft made any false statements regarding nSight's services which would interfere with any relationship nSight had with a third party. *See Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937, 950 (2003) (listing essential elements of the tort of intentional interference of prospective economic advantage).

nSight also alleges a claim for fraud predicated on PeopleSoft's supposed lack of intent to comply with the Teaming Agreements. nSight did not raise a genuine issue on the existence of any Teaming Agreements and there is no evidence that PeopleSoft made any misrepresentations or false promises regarding such non-existent agreements. *See Lazar v. Superior Court,* 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984 (1996) (noting the elements of fraud include a misrepresentation, by either a false representation, concealment, or nondisclosure).

■ nSight alleges misappropriation of trade secrets by PeopleSoft. However, nSight did not identify any trade secret with reasonable particularity. Cal. Civ. Pro. § 2019.210; *Advanced Modular Sputtering, Inc. v.Super. Ct.,* 132 Cal.App.4th 826, 835–36, 33 Cal.Rptr.3d 901 (Cal.Ct. App.2005) (defining the "reasonable partic-

ularity" element to mean that "the plaintiff must make some showing that is reasonable, i.e., fair, proper, just, and rational under all of the circumstances to identify its alleged trade secret") (internal citations omitted).

Finally, nSight claims that PeopleSoft's conduct violated Section 17200 of the California Business and Professional Code. "Section 17200 'borrows' violations from other laws making them independently actionable as unfair competitive practices." *Korea Supply Co.,* 131 Cal.Rptr.2d 29, 63 P.3d at 943. We agree with the district court that because such a claim is derivative of nSight's other state law claims, summary judgment on this claim was correct.

### E. Sanctions award against Naren Chaganti

■ The district court did not abuse its discretion in awarding sanctions against nSight's counsel, Naren Chaganti. A district court's imposition of sanctions is reviewed for abuse of discretion. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (court's imposition of sanctions under its inherent power is reviewed for abuse of discretion); *Gomez v. Vernon,* 255 F.3d 1118, 1135 (9th Cir.2001) (sanctions imposed pursuant to 28 U.S.C. § 1927 is reviewed for abuse of discretion). "We will reverse a district court's factual findings as to whether an attorney acted recklessly or in bad faith only if they are clearly erroneous." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1117 (9th Cir. 2000).

PeopleSoft timely filed a motion for sanctions within fourteen days. Although a hearing was scheduled for PeopleSoft's sanctions motion, nSight's counsel advised the district court that he would be unable to attend and requested the court "to rule on the pending motions without a hearing on the matter." nSight's claim that it was denied the opportunity for a hearing fails because the district court considered nSight's opposition to the motion for sanctions when assessing and deciding the motion. nSight had sufficient opportunity to be heard to satisfy due process. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue.... The opportunity to brief the issue fully satisfies due process requirements.").

The district court described conduct by Chaganti that amounted to sanctionable behavior, namely his continued prosecution after the close of discovery without evidence to support nSight's trade disparagement and breach of contract claims, and his deliberate failure to appear for a noticed deposition of nSight's principal. The record supports the district court's findings and conclusions that sanctions were justified. *Gomez,* 255 F.3d at 1134–35 (noting district court has power to award sanctions under its inherent powers with a finding of "bad faith, or conduct tantamount to bad faith" and under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously").

### F. PeopleSoft's bill of costs was timely

nSight also appeals the award of costs claiming that PeopleSoft untimely filed its bill of costs. We review an award of costs for abuse of discretion. *Dawson v. City of Seattle,* 435 F.3d 1054, 1070 (9th Cir.2006). A prevailing party claiming taxable costs must serve and file a bill of costs no later than fourteen (14) days after entry of judgment. N.D. Cal. Civ. R. 54–1. PeopleSoft filed its bill of costs within the time frame set by the local rules—ten days after the first judgment was entered, and fourteen days after the district court entered its amended judgment.

### G. Discovery issues

 nSight argues that the district court gave it insufficient time to conduct discovery, but does not provide any reason, aside from not having evidence to establish its claims, that the discovery period was unreasonably insufficient. The district court permitted nearly nine months time for discovery, and the district court noted that plaintiff failed to offer a declaration establishing the requisite "good cause" to modify the schedule under Federal Rule of Civil Procedure 16(b). We conclude that the district court did not abuse its discretion.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.