Filed 8/26/14  P. v. High CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHON BURDETT HIGH,<br><br>    Defendant and Appellant. | 2d Crim. No. B253668<br>(Super. Ct. No. CR 39910)<br>(Ventura County) |

On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 amending Penal Code sections 667 and 1170.12, and adding section 1170.126 (the Act).[1]  "Under the 'three strikes' law . . . as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony.  Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25–years–to–life sentence only if the third felony is *itself* a serious or violent felony.  If the third felony is not a serious or violent felony, the defendant will receive" a second strike sentence. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285-1286, fn. omitted (*Kaulick*).)

---

[1] All further undesignated statutory references are to the Penal Code.

This case concerns section 1170.126 of the Act, which provides retroactive relief "whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances," receive a downward modification to a second strike sentence. (*Kaulick, supra,* 215 Cal.App.4th at p. 1286.) Section 1170.126 further provides, however, that a current inmate is not entitled to resentencing if the court in its discretion finds that doing so would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *Kaulick,* at p. 1286.)

Jonathon Burdett High appeals from the order denying his petition for resentencing under the Act. He contends that the trial court erred in finding that resentencing him would pose an unreasonable risk of danger to public safety. We conclude the trial court did not abuse its discretion in so finding, and affirm.

PROCEDURAL BACKGROUND[2]

In 1997, a jury convicted appellant of transportation of a controlled substance and possession of cocaine for sale (Health & Saf. Code, §§ 11352, subd. (a), 11351.5). Neither of these offenses was a serious or violent felony. He had two prior felony strikes. The trial court sentenced him to serve 25 years to life in prison, pursuant to the three strikes law.[3]

On February 6, 2013, appellant filed a petition with the trial court requesting that it recall his three strike sentence and resentence him as a second strike offender, pursuant to section 1170.126 of the Act. The prosecution opposed the petition. The court conducted a hearing and, in the exercise of its discretion, determined "that resentencing [appellant] would pose an unreasonable risk of danger to public safety" and denied his petition. (§ 1170.126, subd. (f).)

---

[2] The facts underlying the trial court's finding are included in the Discussion.

[3] The court imposed a 25-year-to-life sentence for each of appellant's 1997 convictions (current offenses) but stayed his sentence for possession of cocaine for sale. (§ 654.) It also struck two section 667.5, subdivision (b) prior prison term enhancements.

DISCUSSION

Appellant contends the court erred in finding that resentencing him posed an unreasonable risk of danger because "there is no reliable evidence" that he presents such a risk. This suggests that "substantial evidence" is the appropriate standard for our review. It is not. The abuse of discretion standard applies to our review, and we structure the discussion accordingly. We note, however, that the record contains substantial evidence to support the challenged finding. As we shall explain, we review the record to determine if the court abused its discretion in finding by a preponderance of the evidence that appellant "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f); *Kaulick, supra,* 215 Cal.App.4th at p. 1301.) We decline respondent's request to reject the *Kaulick* holding. (See *People v. Flores* (2014) 227 Cal.App.4th 1070, 1076.)

Appellant sought relief under "section 1170.126 which creates a post-conviction release proceeding 'intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the three strikes law] whose sentence under this [reform] act would not have been an indeterminate life sentence.' (§ 1170.126, subd. (a).) A prisoner is eligible for resentencing as a second strike offender if all of the following are shown: (1) the prisoner is serving an indeterminate life sentence for a crime that is not a serious or violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C); and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667, subdivision (e)(2)(C) or clause (iv) of section 1170.12(c)(2)(C). (§ 1170.126, subd. (e).)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 170 (*Yearwood*).)

"To obtain a sentencing reduction pursuant to section 1170.126, the prisoner must file a petition for a recall of sentence in the trial court. 'Any person serving an indeterminate term of life imprisonment imposed pursuant to' the three strikes law may file a petition for a recall of his or her sentence within two years after the Act's effective date 'or at a later date upon a showing of good cause.' (§ 1170.126, subd. (b),

3

hereafter 1170.126(b).) Upon receipt of such a petition, the trial court must determine if it satisfies the criteria contained in subdivision (e) of section 1170.126. (§ 1170.126, subd. (f).) If it does, the prisoner shall be resentenced as a second strike offender 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).) In exercising this discretion the trial court may consider the prisoner's criminal history, disciplinary record and record of rehabilitation while incarcerated and any other relevant evidence. (§ 1170.126, subd. (g).)" (*Yearwood, supra*, 213 Cal.App. 4th at pp. 170-171.)

*The Abuse of Discretion Standard Applies to the Review of a Trial Court's Discretionary Exercise of Power Pursuant to Section 1170.126, Subdivision (f)*

"[S]ection 1170.126 entrusts the trial court with discretion that may be exercised to protect the public. A court may deny a section 1170.126 petition if, after examination of the prisoner's criminal history, disciplinary record while incarcerated and any other relevant evidence, it determines that the prisoner poses 'an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Yearwood, supra*, 213 Cal.App.4th at p. 176.)

"Where, as here, a discretionary power is statutorily vested in the trial court," we apply the abuse of discretion standard. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.) Reviewing courts often apply that standard to the review of discretionary postconviction decisions. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531 [decision to dismiss or strike a prior conviction allegation under § 1385]; *People v. Carmony* (2004) 33 Cal.4th 367, 375 [refusal to dismiss or strike a prior conviction allegation under § 1385]; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974, 977 [decision whether to reduce a wobbler offense to a misdemeanor under § 17, subd. (b)].) We conclude the abuse of discretion standard applies to the review of the trial court's section 1170.126 discretionary risk-of-danger finding. Under this deferential standard, the court's ruling will not be reversed on appeal unless the appellant demonstrates that the court exercised its discretion in an "'. . . arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.

[Citations.]'"  (*Rodrigues*, *supra,* at pp. 1124-1125.)  Where the record shows the trial court balanced the relevant facts and reached an impartial decision in conformity with the law, we affirm.  (*People v. Zichwic* (2001) 94 Cal.App.4th 944, 961.)

*The Trial Court Acted Within Its Discretion in Finding It Would Pose an Unreasonable Risk of Danger to Public Safety to Resentence Appellant to a Second Strike Sentence*

Appellant argues that there is no reliable evidence to support the trial court's finding that resentencing appellant would pose an unreasonable risk of danger to public safety.  The record belies his claim.

In hearing the petition for resentencing, the trial court was required to and did consider appellant's "criminal history, disciplinary record while incarcerated and . . . other relevant evidence," to determine whether he posed "'an unreasonable risk of danger to public safety.'  (§ 1170.126, subd. (f).)"  (*Yearwood, supra*, 213 Cal.App.4th at p. 176.)  The "other evidence" included appellant's prison education records (including college transcripts); a letter from appellant describing his goals and explaining he had obtained his associate of arts degree; and his favorable prison work records.

Appellant acquired his first strike in 1987, for robbing a victim at gunpoint and leading the police on a high-speed chase in a stolen car.  He was sentenced to two years in prison.  He violated parole three times.  In 1989, appellant committed his second strike with several fellow Crips gang members, in a brutal first degree robbery involving four separate victims, whom they attacked seriatim, during the late night and early morning hours.  They trapped each victim when he or she was alone.  They beat, threatened, handcuffed, tortured and robbed two male victims before taking and using their keys to invade their respective apartments, where the girlfriend of each victim was home alone.  One of the female victims was sexually assaulted.[4]  Appellant was

---

[4] Appellant and several fellow Crips gang members followed the first victim into his parking structure, threatened and beat him and handcuffed him, threw him in a brown Oldsmobile, moved him, took his keys, and threatened to fuck his old lady. Appellant and one accomplice used the stolen keys to invade the victim's apartment and to restrain, threaten, attack, and rob his girlfriend.  Appellant or his accomplice sexually assaulted

sentenced to six years in prison. In 1995, his parole was revoked after he was charged with corporal injury upon a spouse or domestic partner.

In 1996, appellant was stopped for driving unsafely while in possession of the drugs that led to his conviction for the "current offenses" (transportation of a controlled substance and possession of cocaine for sale). The trial court sentenced him to an indeterminate 25-years-to-life three strike sentence.

During his incarceration, appellant was cited for multiple disciplinary violations. They include attacking corrections officers with other inmates in 1999; fighting or attacking other inmates in 1999 and 2007; participating in a riot in which at least eight Black inmates fought against two Hispanic inmates in 2011; and in 2012, possessing an "inmate manufactured weapon" found in a corner of the library he had occupied. Appellant was also cited for participating in a 2002 conspiracy to murder a peace officer.

At the close of the hearing to determine whether appellant qualified for resentencing, the trial court found: "Based on the totality of the circumstances, including the conduct of the committing case, conduct of the prior strike offenses, which is egregious, and the conduct while in prison, it's pretty clear to me there's no question that [appellant] poses an unreasonable risk of danger to the community. . . . [¶] In looking at his actual conduct, the old conduct is pretty scary, the conduct in prison is pretty scary. He appears to me to be a violent guy and threat to public safety . . . ."

Appellant argues the court erred in finding that he posed an unreasonable risk of danger for various reasons. For example, he stresses the court considered records which lacked a final disposition of a prison offense (conspiracy to murder a peace officer)

the victim's girlfriend and ripped her earring from her ear. She identified appellant shortly after the attack as one of the perpetrators. The perpetrators trapped the second male victim by forcing the first victim to call him, say he had car trouble, and ask the third victim to come to his aid. When the third victim arrived, the perpetrators beat, threatened, handcuffed and robbed him. They took his keys and used them to invade his apartment, where his girlfriend was home alone. Appellant was also charged with kidnapping and assault. The record does not disclose whether he was tried for those charges and convicted of first degree robbery, or pleaded to the latter offense.

which an official had recommended be dismissed or reheard. However, there were many other discipline reports in appellant's prison record. He discounts several reports by stating they involved "mutual combat," which "is not surprising . . . for inmates who have been in prison for 16 years." Those reports were nonetheless relevant to the issue of appellant's qualification for resentencing, and the Act authorized the court to consider them. (§ 1170.126, subd. (g).)

Appellant also asserts that his prior strike convictions do not support the court's risk-of-danger finding because they occurred decades ago, and there is little or no evidence in the record about what role he played in the offenses. While the strike offenses are old, the record adequately explains his role in them. In the 1987 robbery, appellant drove the stolen car and led police on a high speed chase which resulted in a collision. Appellant was found nearby with the victim's jewelry. The probation report also describes appellant's active involvement in the 1989 first degree robbery.

CONCLUSION

The offense for which appellant was sentenced under the three strikes law made him conditionally eligible for resentencing under the Act. (§ 1170.126, subd. (e).) As thoroughly discussed in *Kaulick*, following the initial eligibility determination, the trial court "in its discretion" may determine by a preponderance of evidence if his resentencing would "pose an unreasonable risk of danger to public safety." (1170.126, subd. (f); *Kaulick, supra,* 215 Cal.App.4th at p. 1301.)

In the instant matter, the trial court conducted a hearing pursuant to the Act, and afforded appellant all the process to which he was due. The court did not abuse its discretion in finding that it would pose an unreasonable risk of safety to the public to

7

recall appellant's sentence and resentence him to a second strike sentence.

The judgment (order denying petition for resentencing) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

8

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Marilee Marshall & Associates, Inc., and Marilee Marshall for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.