Filed 10/20/14  P. v. Hewitt CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>EDDIE JOE HEWITT,<br><br>  Defendant and Appellant. | 2d Crim. No. B253447<br>(Super. Ct. No. F230079)<br>(Santa Barbara County) |

Eddie Joe Hewitt appeals the denial of his petition to recall a Three Strikes indeterminate sentence and be resentenced as a second strike offender pursuant to Penal Code section 1170.126, also known as Proposition 36.[1]  The superior court denied the petition on the ground that appellant poses an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)  We affirm.  (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1303.)

Appellant's Three Strikes commitment is for conspiracy (§ 182, subd. (a)) and possession of marijuana in a prison facility (§ 4573.6), both nonserious and nonviolent offenses.  In 1995 appellant conspired with his wife to smuggle marijuana into the prison facility where he was housed.  The trial court imposed a Three Strikes sentence of 25 years to life.

---

[1] All statutory references are to the Penal Code.

Appellant petitioned for resentencing pursuant to section 1170.126. Appellant is 50 year old and has the following violent criminal history:

A 1991 robbery conviction resulting in a seven year prison sentence. Appellant and an accomplice robbed a BMW car salesman at gunpoint during a test drive.

A 1994 double homicide conviction in which appellant and an accomplice kidnapped and executed two people. Appellant agreed to testify against his accomplice and was allowed to plead guilty to two counts of voluntary manslaughter and two counts of kidnapping. He was sentenced as a two strikes offender to 19 years 8 months state prison.

In 1995, while serving the prison sentence, appellant conspired with his wife to smuggle marijuana into prison. He was convicted of conspiracy and possession of marijuana in a prison facility and sentenced as a three strikes offender to 25 years to life state prison.

*Unreasonable Risk of Danger*

Proposition 36 creates a postconviction release procedure whereby a qualifying prisoner serving a Three Strikes indeterminate life sentence may have his or her sentence recalled and be resentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.) Appellant argues that there is no nexus between the commitment offense, possession of .7 grams of marijuana, and the court's finding of current dangerousness. He claims that Proposition 36 was enacted to assure that only the most dangerous remain in prison. Public safety, however, is a paramount concern. (*Id.*, at p. 175.) The superior court may deny a section 1170.126 petition if, after examination of the prisoner's criminal history, disciplinary record while incarcerated, and other relevant evidence, it determines that the prisoner poses "an unreasonable risk of danger to public safety." (§ 1170.126, subd. f); see *People v. Flores* (2014) 227 Cal.App.4th 1070, 1076-1076; *People v. Yearwood, supra,* 213 Cal.App.4th at p. 176.)

The court here denied appellant's petition on the following grounds: "Petitioner, despite having done and accomplished a number of positive things while in prison, as established by the certificates, letters of commendation and offers of employment,

still has shown a propensity to engage in serious antisocial, criminal behavior. This propensity was established by the 115 rule violations involving the possession of contraband, especially the possession of hundreds of documents which indicated an intent to engage in personal identification theft offenses. His predilection to commit crimes even while in prison causes the Court to fear that resentencing and an early release, given his terribly violent past, would pose an unreasonable risk to public safety."

Appellant contends that the prosecution must prove dangerousness beyond a reasonable doubt. A similar argument was rejected by this court in *People v. Flores, supra,* 227 Cal.App.4th 1070 and our colleagues in Division Three in *People v. Superior Court* (*Kaulick*) *supra,* 215 Cal.App.4th 1279. The standard of proof is preponderance of the evidence. (*Id.*, at p. 1305; *People v. Flores, supra,* 227 Cal.App.4th at pp. 1075-1076.) Proposition 36 "does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward, Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues. Thus, there is no constitutional requirement that the facts be established beyond a reasonable doubt. [¶] . . . Evidence Code section 115 provides that '[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.' There is no statute or case authority providing for a greater burden, and [appellant] has not persuaded us that any greater burden is necessary." (*People v. Superior Court* (*Kaulick*), *supra,* 215 Cal.App.4th at p. 1305, fn. omitted.)

Section 1170.126, subdivision (g) provides that the superior court, in deciding current dangerousness, may (1) consider the prisoner's criminal conviction history, (2) the prisoner's disciplinary record and record of rehabilitation, and (3) any other evidence the court, within its discretion, determines is relevant to the issue of dangerousness. Appellant's criminal record and prison discipline record clearly support the finding that appellant poses a substantial risk to public safety if released. Appellant continues to minimize his criminal conduct and blame others. He claims that the commitment offense (smuggling .7 gram marijuana into prison) was his wife's idea and that he has been a model prisoner.

3

Pursuant to section 1170.126, subdivision (g)(1), the superior court considered petitioner's criminal conviction history, the type of crimes committed, the extent of injury to victims, the length of the prior prison commitments, and the remoteness of the crimes. We have already recited appellant's prior convictions. We also note that in 1998 appellant argued with his wife and cut her throat with a broken glass.

Appellant's prison disciplinary record is less than stellar. After appellant was convicted of conspiracy to smuggle narcotics into prison, contraband was found in his prison cell including the names, dates of birth and social security numbers of non-inmate people and blank W-2s and tax return forms. Hundreds of documents and tax forms were in his cell, indicating that appellant was engaged in or preparing to engage in identify theft crimes. In 2007 an illegal phone was found in his cell and, in 2013, appellant had work cards belonging to two other inmates.

Appellant makes no showing that the court abused its discretion. Substantial evidence supports the finding that appellant would pose an unreasonable risk of danger to public safety if resentenced and released from prison.

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


4

Michael J. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Al F. Amer, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Mark E. Weber, Deputy Attorneys General, for Plaintiff and Respondent.