Filed 12/18/14  P. v. Hanson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MALCOLM DAMIEN HANSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B254567<br>(Super. Ct. No. CR39923A)<br>(Ventura County) |

Malcolm Damien Hanson appeals an order denying his petition for resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 ("the Act"). (Pen. Code, § 1170.126.)[1] We conclude that the trial court did not abuse its discretion by determining that Hanson would pose an unreasonable risk of danger to public safety, and affirm. (*Id.*, subd. (f).)

*FACTS AND PROCEDURAL HISTORY*

On December 18, 1998, a jury convicted Hanson of assault by means of force likely to produce great bodily injury, and battery with serious bodily injury. (§§ 245, subd. (a)(1), 243, subd. (d).) Thereafter, Hanson admitted suffering two prior serious felony strike convictions (robbery and attempted robbery, each committed in 1992), and serving two prior prison terms. (§§ 667, subd. (b)-(i), 1170.12, subds. (a)-(d),

---

[1] All further statutory references are to the Penal Code.

667.5, subd. (b).) On March 11, 1999, the trial court struck the two prior prison term allegations and sentenced Hanson to 25 years to life in prison pursuant to the three strikes law. (*Ibid.*)

Hanson appealed. On April 3, 2000, we affirmed the judgment. (*People v. Hanson* (Apr. 3, 2000, B130338) [nonpub. opn.].)[2] Our opinion describes Hanson's criminal offenses as follows:

"At approximately 2:45 a.m. the morning of October 15, 1996, Michael McDonald left his Moorpark home and walked to his van to drive to work. As he opened the van door, he noticed a man standing across the street. The man, dressed in black clothing and wearing a black ski mask, ran toward McDonald. At the same time, another man dressed in black clothing came toward McDonald from the back of the van.

"Fearing that he would be 'jumped,' McDonald braced himself. The two men punched and struck McDonald, who attempted to defend himself. They knocked McDonald to the ground and kicked him in the head. One man covered McDonald's mouth with his hand. McDonald believed that he was being suffocated and bit off a part of the attacker's small finger.

"McDonald's screams awakened neighbor John Figueroa. Figueroa looked outside and saw two men 'kicking and throwing blows' at McDonald. Figueroa yelled, 'Hey, what's going on?' and the attackers fled.

"Neighbors summoned police officers. Within an hour, the officers learned that a man with a bite wound was at the emergency room of Ventura County Medical Center.

"When police officers arrived at the hospital, they found defendants Hanson and [Antonio] Miranda. Hanson was receiving treatment for an injured finger. A black ski mask was on the walkway to the hospital emergency room.

---

[2] We take judicial notice of the former appellate record. (*In re Reno* (2012) 55 Cal.4th 428, 484 ["Petitioners need not separately or specifically request judicial notice of all documents connected with their past appeals"].)

"Miranda sat inside an automobile parked in the hospital parking lot. He wore dark clothing and had a swollen abrasion on his forehead. Inside the car, officers found identification for Hanson and a black beanie, marked 'Gracie Jiu-Jitsu.'

"Police officers returned to McDonald's residence. They found a human fingertip in the street near his home. At trial the parties stipulated that it was Hanson's fingertip.

"The clothing worn by Miranda contained bloodstains. They were consistent with McDonald's blood type, but not that of Hanson or Miranda.

"Hanson and Miranda are former brothers-in-law of McDonald. McDonald and his wife divorced recently and animosity exists between family members.

"McDonald suffered abrasions, contusions, a scratched eye, and cuts from the attack. A small cut on the left side of his head required four or five sutures to close. A tooth became dislodged during the attack because the bone covering the root area was fractured. An oral surgeon replaced and stabilized it but the prognosis is uncertain.

"Miranda testified that he went to McDonald's home that early morning to speak with him. He stated that he used martial arts techniques to subdue McDonald after McDonald swung at him several times. Miranda, a Ventura County corrections officer, explained that he was trained and accomplished in the martial arts, including karate, boxing, and tae kwon do.

"Miranda abandoned his efforts to subdue McDonald because it 'was not going well.' Hanson then 'engaged' McDonald and Miranda saw Hanson's hand in McDonald's mouth. Afterwards, Miranda and Hanson ran to the car and drove to the hospital for medical assistance."

*Petition to Recall Three-Strike Sentence*

On December 7, 2012, Hanson filed a petition in the trial court to recall his three-strike sentence and resentence him as a second strike offender pursuant to the Act and section 1170.126. The prosecutor opposed the petition. The court held an evidentiary hearing during which Hanson testified, and it received written and oral argument. The court denied the petition, after concluding that resentencing Hanson

3

would pose "an unreasonable risk of danger to public safety." (*Id.*, subd. (f).) In his written ruling, the trial judge stated that Hanson's commitment offenses "are part of a disturbing pattern of physical violence and anger by the petitioner dating back to his youth and continuing during his confinement in state prison." The judge also described Hanson's exculpatory testimony regarding his prison disciplinary record as "unconvincing."

Hanson appeals and contends that 1) the prosecutor did not establish dangerousness by a preponderance of the evidence, and 2) the trial court abused its discretion by denying his resentencing petition.

*DISCUSSION*

Hanson asserts that the prosecutor did not establish dangerousness by a preponderance of the evidence. (*People v. Flores* (2014) 227 Cal.App.4th 1070, 1075-1076 [standard of proof in section 1170.126 recall proceeding].) He contends that his juvenile record is remote in time, his prison discipline records concern "minor fights" ("[p]rison caused the fights, not [Hanson]"), and that he did not initiate any prison violence.

Hanson also argues that the trial court abused its discretion in weighing the section 1170.126, subdivision (g) factors. He relies upon his testimony that he practices religious fellowship, counsels young inmates against criminal street gangs and drugs, and intends to live a law-abiding life. He points out that he did not receive any prison discipline until authorities transferred him to a maximum security prison in 2005. Hanson adds that he is victimized by other inmates because he is bi-racial. In his testimony, Hanson explained extenuating circumstances regarding his six disciplinary actions -- battery upon a correctional officer, battery upon an inmate, obstructing a peace officer, participating in a riot (two incidents), and fighting with an inmate. He also explained that he has an offer of future employment and housing and that his victim, his former brother-in-law, supports his release.

The Act provides a means by which a prisoner serving a 25-years-to-life sentence pursuant to the three strikes law for a third strike that is not a serious or violent

4

felony may seek court review of his indeterminate sentence. (*People v. Flores*, *supra*, 227 Cal.App.4th 1070, 1074.) Depending upon his circumstances, the prisoner may be resentenced as though he had only one prior serious or violent felony conviction. (*Ibid.*) A prisoner may not be resentenced as a two-strike offender, however, if he presents "'an unreasonable risk of danger to public safety.'" (*Ibid.*)

The trial court possesses discretion in applying the public safety exception of section 1170.126, subdivision (f). (*People v. Flores*, *supra*, 227 Cal.App.4th 1070, 1075-1076.) In exercising its discretion, the court may consider the prisoner's criminal history, disciplinary record and rehabilitation, and any other relevant evidence. (§ 1170.126, subd. (g)(1)-(3).) In our review, we determine whether the court has abused its discretion in finding that the prisoner poses an unreasonable risk of danger to public safety. (*Flores*, at pp. 1075-1076.)

The prosecutor established Hanson's dangerousness by a preponderance of the evidence. Hanson has led a life of crime as evidenced by his juvenile record, prior felony convictions for robbery and attempted robbery, and parole status at the time he committed the underlying offenses. His prison disciplinary record reflects six incidents, including fighting with other inmates and participating in a riot on two occasions. The record of the disciplinary actions, as set forth in the exhibits at trial, reflects that correctional officers deployed stun grenades and pepper spray to quell the riots.

Hanson has not met his burden of establishing that the trial court's ruling is irrational, arbitrary, or unreasonable. The trial court considered Hanson's exculpatory testimony regarding his prison discipline, but concluded the testimony was "unconvincing." The court also noted that Hanson's testimony regarding his religious conversion was similar to his statements of religious faith expressed at his 1999 sentencing hearing. In addition, the court considered the statements of Hanson's family and friends requesting leniency, but rejected the view that the crimes were "a misguided but noble attempt to protect a loved one." Moreover, the objectives of the criminal law include deterring an individual from committing injurious acts that harm others or their property, and expressing society's condemnation of such acts through punishment.

(*People v. Roberts* (1992) 2 Cal.4th 271, 316.)  In our review, we do not substitute our discretion for that of the trial court.

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

Matthew Guasco, Judge

Superior Court County of Ventura

_____

Law Offices of Jay Leiderman, Jason S. Leiderman, Eric J. Lindgren for Defendnt and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.