Filed 4/7/16  P. v. Guevara CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B262954 |
| Plaintiff and Respondent, | (Super. Ct. No. 1183843) (Santa Barbara County) |
| v. | |
| EDGARDO GUEVARA, | |
| Defendant and Appellant. | |

Edgardo Guevara appeals an order denying his petition to recall his third strike sentence pursuant to Proposition 36, the Three Strikes Reform Act of 2012 ("Act"). (Pen. Code, § 1170.126.)[1]  Guevara is serving a sentence of 28 years to life in prison following his conviction by jury of corporal injury to the mother of his child.  (§ 273.5.) He contends the trial court abused its discretion when it determined that, if resentenced, he would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).) We affirm.

### BACKGROUND

Guevara hit his girlfriend, Maria D., in the face with a closed fist while she was holding their infant.  He broke Maria D.'s nose and knocked her unconscious.  She

---

[1] All statutory references are to the Penal Code.

fell to the pavement and the infant landed on top of her. (*People v. Guevara* (Sept. 13, 2010, No. B218153) [nonpub. opn.].)

In 2009, a jury convicted Guevara of felony corporal injury to the mother of his child (§ 273.5) and misdemeanor child endangerment (§ 273a, subd. (b)). Guevara admitted he had prior convictions for robbery in 1992 and for possessing a sawed-off shotgun for the benefit of a street gang in 1999. (§§ 211, 186.22, subd. (b), former § 12020.)

The trial court sentenced Guevara to 28 years to life in state prison pursuant to the three strikes law. The court refused to strike a prior strike conviction because "[Maria D.] was unconscious. She could have been killed. [Guevara] left her there, took the child. The child could have been killed." It said that Guevara has "not demonstrated a course of responsible conduct at any real period of his life, other than a couple of years." (*People v. Guevara*, *supra*, B218153.) We affirmed.

In 2013, Guevara petitioned the trial court to resentence him pursuant to the Act. The court denied the petition after an evidentiary hearing. It concluded that resentencing Guevara would create an unreasonable risk of danger to the public.

DISCUSSION

Guevara argues he is not dangerous because he acted violently only once in his adult life, he will remain in custody for several years if he is resentenced, and he is subject to deportation when released. The trial court did not abuse its discretion when it determined that Guevara poses an unreasonable risk of danger to the public.

Under the three strikes law as it existed before Proposition 36, a defendant convicted of two prior serious or violent felonies was subject to a minimum sentence of 25 years to life upon conviction of any third felony. Proposition 36 reduces punishment for certain offenders whose current convictions are not serious or violent. Prisoners who are currently serving an indeterminate sentence for a third felony conviction, which was not a serious or violent felony, may seek resentencing as a second strike offender to a determinate term. (§ 1170.126.)

2

Guevara meets the criteria for resentencing because his conviction for corporal injury to a fellow parent is not "serious" or "violent" within the meaning of section 1170.126. (§§ 1170.126, 667.5, subd. (c), 1192.7, subd. (c).) The jury did not find that he inflicted great bodily injury on Maria D. (*People v. Guevara*, *supra*, B218153.)[2]

An offender who meets the statutory criteria "shall" be resentenced "unless" the court, in its discretion, determines that resentencing would pose an "unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) The court may consider the petitioner's criminal history, disciplinary record and record of rehabilitation while incarcerated, and any other evidence it determines to be relevant. (*Id.,* subd. (g)(1)-(3).) We review for abuse of discretion. (*People v. Flores* (2014) 227 Cal.App.4th 1070, 1075.)

Guevara's criminal record, record of discipline, and the testimony of the witnesses support the trial court's finding. Guevara has an extensive criminal history, which includes five felonies, multiple prison and jail sentences, and probation and parole violations. Although his prior strikes are remote and did not involve personal infliction of violence, he recently possessed deadly weapons in prison. In 2011, a correctional officer searched his cell and found three metal "inmate manufactured" weapons hidden in two bars of soap. Two of the weapons were sharpened to a point. In 2014, while this petition was pending, Guevara was disciplined for possessing a deadly weapon when a piece of a razor blade was found in the common area of his shared cell. He testified at the resentencing hearing he had no good time or work time credits.

A gang expert testified that Guevara is a member in good standing of Casa Blanca, a southern Hispanic and Sureno gang. Prison records from 2001 show that he was working with the Mexican Mafia in prison. He was the "shot caller" for members of southern Hispanic gangs from the "Inland Empire." He was placed in administrative

---

[2] We do not reach the question whether a judicial finding that Guevara inflicted great bodily harm rendered him ineligible because the trial court did not rely on ineligibility to deny the petition.

segregation in 2001 because the Inland Empire gangs under his influence were "the major obstacle" to a negotiated truce between northern and southern gang members. In 2012, a prison gang roster showed Guevara was still a southern Hispanic gang member in good standing.

Guevara testified he was not involved in gang activity in prison and Maria D.'s injuries were accidental. Although he admitted in 1999 he possessed a sawed-off shotgun for the benefit of a street gang, he testified he did not possess it and was not a gang member. Guevara said he bumped into an officer, and the shotgun was in a bush they ran into. He testified the pieces of metal found in his soap were for a "homemade stinger" and the piece of a razor blade found in his cell belonged to his cellmate, who admitted possessing it.

Guevara was the victim of a battery in prison in 2009. He obtained his GED in prison in 2000. He took an anger management class in 2007. If released, he planned to return to work and to live with his wife or his sister. Maria D. told a probation officer she had no fear of Guevara and does not oppose his release.

A psychological evaluator classified Guevara's risk of future criminal behavior, including violence, as "moderate." He reported that the risk would increase to "high" if Guevara associated himself with criminals or gang members or if he was in a dysfunctional romantic relationship. The evaluator recommended Guevara not reside with his wife. He reported that Guevara lacks insight. He could not rely on Guevara's accounts of his crimes. He reported that Guevara has limited appreciation for the benefits of supervision in the community and is not well prepared to handle the stressors of the community.

The trial court considered all evidence relevant to its determination and exercised its discretion in the manner set forth in section 1170.126. Substantial evidence supports the finding that Guevara would pose an unreasonable risk of danger to public safety if resentenced and released from prison. We will not disturb the trial court's determination because Guevara has not demonstrated that the court exercised its discretion in an

4

arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.)

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

James F. Iwasko, Judge

Superior Court County of Santa Barbara

_____

Rich Pfeiffer, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Theresa A. Patterson, Deputy Attorneys General, for Respondent.