Filed 8/29/16  P. v. Garcia CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE GARCIA,<br><br>Defendant and Appellant. | B267788<br><br>(Los Angeles County<br>Super. Ct. No. NA030813) |

APPEAL from an order of the Superior Court of Los Angeles County, Scott M. Gordon, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

In 1997, a jury convicted defendant, Jose Garcia, of unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)) and joyriding (Pen. Code, § 499b).[1]  The jury also found defendant had previously sustained three prior serious felony convictions. Defendant was sentenced to 25 years to life in state prison pursuant to sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2).  We affirmed the judgment on direct appeal.  (*People v. Garcia* (Feb. 24, 1998, B113434) [nonpub. opn.].)  The present appeal is from an order denying defendant's section 1170.126, subdivision (b) resentencing petition.  We affirm the order.

## II.  DISCUSSION

### A.  "Unreasonable Risk of Danger"

The trial court found defendant was eligible for resentencing, however, he posed an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)  Defendant seeks a remand for the trial court to apply the more narrow definition of "unreasonable risk of danger to public safety" found in subsequently enacted section 1170.18, subdivision (c). Defendant contends, "A remand is necessary to give the trial court an opportunity to evaluate [defendant's] suitability for resentencing under the proper legal standard."  We find no reason to remand.  The question whether the unreasonable risk standard in section 1170.18, subdivision (f), applies to a section 1170.126 petition is pending before our Supreme Court in numerous cases.  We agree with the existing authority.  (*People v. Esparza* (2015) 242 Cal.App.4th 726, 736-737.)  Further, there is no evidence the voters intended that 1170.18, subdivision (c) govern a determination made pursuant section 1170.126, subdivision (f).  Given the foregoing, we need not address defendant's arguments that are premised on a contrary analysis.  The Attorney General argues that the unreasonable risk of harm to public safety definition in section 1170.18, subdivision (c) does not govern a determination made pursuant section 1170.126, subdivision (f).  We

---

[1] Further statutory references are to the Penal Code.

agree.  Given this analysis, we need not address defendant's arguments that are premised on a contrary conclusion.

## B.  Void for Vagueness

Defendant further contends section 1170.126, subdivision (g) is void for vagueness.  Section 1170.126, subdivision (g) sets forth the factors to be considered in determining whether resentencing a petitioner would pose an unreasonable risk of danger to public safety:  "In exercising its discretion in subdivision (f), the court may consider:  [¶]  (1)  The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;  [¶]  (2)  The petitioner's disciplinary record and record of rehabilitation while incarcerated; and  [¶]  (3)  Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  Defendant argues:  "First, [under section 1170.126, subdivision (g),] there is no concrete way for a trial court to estimate a petitioner's *level of risk* to the public if resentenced based on the statute's categories, particularly when one category is whatever the court deems relevant.  Such a standard provides no notice to anyone, and encourages arbitrary denials.  [¶]  Second, even if a court is able to intuit a petitioner's level of risk, it is not possible to determine the *quantum of risk* that distinguishes a 'reasonable' risk from an 'unreasonable' risk. Combining the indeterminacy regarding how to measure an unreasonable risk of future danger . . . with the indeterminacy regarding how much risk it takes to qualify as an 'unreasonable' risk of danger, subdivision (g) of section 1170.126 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.' [Citation.]"

We agree with our colleagues in Division Six of the Court of Appeal for this appellate district, "[I]t is debatable whether the vagueness doctrine has application to a superior court judge making a discretionary sentencing decision." (*People v. Flores* (2014) 227 Cal.App.4th 1070, 1074.)  Moreover, even if the vagueness doctrine applies, for the reasons stated in *Flores,* "[T]he statute clearly and precisely delineates its reach in words of common understanding." (*Id.* at p. 1075.)  Further, we believe our Division Six

colleagues correctly concluded, "[A] superior court judge is capable of exercising discretion, justly applying the public safety exception, and determining whether a lesser sentence would pose an unreasonable risk of harm to the public safety." (*Ibid.*) *People v. Garcia* (2014) 230 Cal.App.4th 763, 765-766, 768, a decision of the Court of Appeal for the Third Appellate District, is to the same effect. There our Third Appellate District colleagues concluded, "[T]he term 'unreasonable risk of danger to public safety' is clear because it can be objectively ascertained by reference to the examples of evidence the trial court may consider in making this determination." (*Id*. at pp. 765-766.)

Nothing in *Johnson v. United States* (2015) 576 U.S. __, __ [135 S.Ct. 2551, 2557], cited by defendant, compels a different conclusion. The vague statute at issue in *Johnson* required a district court to estimate the risk posed by an offender's conduct by assessing "a judicially imagined 'ordinary case'" of the crime. The sentencing decision at issue in *Johnson* did not require an assessment of "real-world facts or statutory elements" as is typically the case. (*Id.* at p. __ [135 S.Ct. at p. 2557].) Here, the trial court made the "unreasonable risk" assessment by reference to facts in the record.

## C. Abuse of Discretion

Defendant asserts the trial court abused its discretion in finding, under section 1170.126, that he posed an unreasonable risk of danger to public safety. Defendant in effect asks this court to reweigh the question. Our review, however, is for an abuse of discretion. (See *People v. Williams* (1998) 17 Cal.4th 148, 162.) It is defendant's burden to demonstrate an abuse of discretion, not merely that different jurists might rationally disagree on the appropriate sentencing decision. (See *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978; *People v. Leavel* (2012) 203 Cal.App.4th 823, 837.) The trial court set forth in a well-reasoned, detailed, 15-page memorandum the factors underlying its finding. The trial court properly considered defendant's criminal history, commitment offense, rules violations while incarcerated, rehabilitative programming, classification and risk assessment scores, gang affiliation, age and post-release plans. No abuse of discretion occurred.

4

## III.  DISPOSITION

The order denying defendant's Penal Code section 1170.126, subdivision (b) resentencing petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


BAKER, J.


RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.