Filed 9/12/23  P. v. Alhanati  CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061658 |
| v. | (Super. Ct. No. M19194) |
| CRAIG KEVIN ALHANATI, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jeannie M. Joseph, Judge.  Affirmed.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 1993, defendant pleaded guilty to one count of committing a lewd and lascivious act with a child under 14 years of age (Pen. Code, § 288, subd. (a)).[1] He was placed on probation for five years, and among other things, was ordered to register as a sex offender for life under former section 290. In 2007, he suffered one felony conviction for failure to register.

Following a change in the sex offender registration scheme in 2021, defendant was classified as a second-tier offender and required to register for a minimum of 20 years. (§ 290, subds. (d)(2)(A).) After satisfying the minimum registration requirement, defendant filed a petition to terminate his duty to register as a sex offender based on the new tiered registration scheme. The court denied the petition but held defendant could file a new petition after three years had passed.

On appeal, defendant contends the court erred by denying his petition. Among other things, he argues his inappropriate thoughts and dreams about an 8-year-old girl in 2016 should not have affected the trial court's analysis. He accordingly claims the prosecution did not meet its burden of proving community safety would be significantly enhanced by his continued registration. We disagree and affirm the order.

FACTS

*Defendant's Guilty Plea and Petition to Terminate Sex Offender Registration*

In 1993, defendant pleaded guilty to committing a lewd and lascivious act with a child under 14 years of age (§ 288, subd. (a)). He was placed on probation for five years.

In August 2021, defendant filed a petition to terminate the requirement that he register as a sex offender pursuant to newly enacted section 290.5. The petition noted

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

2

defendant had registered for at least 20 years. In October 2021, the Santa Ana Police Department filed a petition checklist indicating defendant was eligible to petition for termination of the registration requirement. The checklist stated defendant had one felony failure-to-register conviction in 2007.

The prosecutor subsequently filed a response to defendant's petition. In the response, the prosecutor objected to granting the petition and requested a hearing because community safety would be significantly enhanced by defendant's continued registration. In June 2022, defendant submitted a brief in support of his petition along with his declaration, letters of recommendation from a friend and family members, certificates of completed programs, college transcripts, and documents regarding his mental health treatment.

In July 2022, the prosecutor filed an opposition and argued defendant posed a risk to community safety. The prosecutor noted she was not able to obtain the police report relating to defendant's conviction, but the Santa Ana Police Department had maintained the following electronic notes: "'On 9/4/92 reg[istrant] was a practicing dentist in Oxnard. While cleaning the teeth of a 12 yr old female reg[istrant] lay his dental instruments on V's chest. Pretending to get his tools he would rub her breasts. He then tried to insert his fingers in the waistband of her pants and rubbed her crotch. Admitted incident to police. Said [he] couldn't control himself with young females as they come on to him inflating their breasts when he is working on them. Told vic 'I know you're small, when you're 15 we can get married.'"" The prosecutor emphasized defendant was 33 years old at the time of his offense and abused his position of trust and authority by taking advantage of a patient.

With respect to defendant's post-conviction conduct, the prosecutor noted defendant had a felony conviction for failing to register, which required him to register for an additional three years. The prosecutor also relied on electric notes maintained by the Santa Ana Police Department, which included the following notation in 2016: "spoke

3

with SSW Connie Avila who advised 2nd hand info from 290's therapist that he confided about having inappropriate thoughts/dreams of 8 yr old girl living in other room with her parents. SSW Avila warned parents. I spoke with owner . . . who requested 290 move out by the end of the month. EL." The prosecutor summarized that defendant had admitted to a therapist he was having inappropriate thoughts and dreams about an 8-year-old girl in 2016. The child was living in another room with her family in the same residence where defendant was living.

As to defendant's treatment program, the prosecutor noted defendant had completed a sex offender treatment program before 2016 and suggested defendant's ongoing mental health therapy was related to his mental health diagnosis rather than sex-offender therapy.

*The Hearing and the Court's Order*

After considering the parties' arguments at the July 2022 hearing, the court addressed the seven factors relevant to determining whether community safety would be enhanced by defendant's continued registration. (§ 290.5, subd. (a)(3).) First, the court considered the nature of the offense and found it was "not the most serious conduct" or "the least serious conduct." Instead, the court found "[i]t [fell] somewhere in the middle." Second, the court noted there was one victim who was a 12-year-old girl. Third, the court found the victim, defendant's dental patient, was a stranger at the time of the offense.

Fourth, as to any other criminal or relevant non-criminal behavior, the court indicated defendant had a felony conviction for failing to register. The court also was concerned about defendant's recent incident in 2016 when he told his therapist he had inappropriate thoughts about an 8-year-old girl who was living in the same residence as him and other tenants. The court acknowledged it was "good and healthy" defendant was

4

seeing a therapist, but the court emphasized defendant had inappropriate thoughts about a girl who was the same type of person he had victimized before.

Fifth, the court noted defendant had not reoffended for a long time since the 1992 incident but had inappropriate thoughts about another child in 2016. Sixth, the court stated defendant had completed a sex offender treatment program and continued to get treatment for his mental health issue. Defendant's counsel previously indicated defendant was diagnosed with schizophrenia. The court applauded defendant for continuing to receive treatment for his mental health. Finally, as to defendant's current risk of reoffense, the court noted it did not have a State Authorized Risk Assessment Tool for Sex Offenders (SARATSO) report given the age of the case and the nature of the charge. But the court repeated defendant completed his sex offender program before the 2016 incident when he had inappropriate thoughts about an 8-year-old girl.

Based on the above factors, the court concluded community safety would be significantly enhanced by defendant's continued registration "because it does act as a safeguard if he is continuing to have thoughts about young girls to put parents on notice of this concern." The court suggested it probably would have granted defendant's petition if the 2016 incident had not occurred. But the court commended defendant's hard work and held he could refile a petition in three years. If defendant had "three more years of maybe some good conduct, maybe treatment, whatever he feels is necessary," the court indicated the prosecutor may not meet its burden the next time defendant files a petition. Finally, the court stated it believed the correct standard of proof was preponderance of the evidence, but it would have ruled the same way if it were clear and convincing evidence.

Defendant timely appealed.

DISCUSSION

Defendant contends the court abused its discretion by denying his petition. He argues the statutory factors favored termination of registration and the prosecution did not meet its burden of proving community safety would be significantly enhanced by his continued registration. For the reasons below, we disagree and affirm.

*Applicable Law and Standard of Review*

As noted *ante*, defendant pleaded guilty to one count of committing a lewd and lascivious act with a child under 14 years of age (§ 288, subd. (a)). Section 288 subdivision (a) provides: "[A] person who willfully and lewdly commits any lewd or lascivious act . . . upon . . . a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

"California law has long required persons convicted of certain specified sex crimes, including [violations of section 288, subdivision (a)], to register as sex offenders as long as they live or work in California." (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048, fn. omitted.) California's Sex Offender Registration Act (§ 290 et seq.) previously required defendants convicted of certain offenses to register for life. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 876-877.)

In 2017, the Governor signed Senate Bill No. 384 into law. (2017-2018 Reg. Sess.) (Stats. 2017, ch. 541, § 2.5.) Effective January 1, 2021, Senate Bill No. 384 changed the lifetime sex offender registration requirement by establishing a tiered system of registration based on the offense of conviction. (§ 290, subd. (d).) A tier one offender is required to register for a minimum of 10 years. (*Id.*, subd. (d)(1)(A).) A tier two offender is required to register for a minimum of 20 years (*id.*, subd. (d)(2)(A)), and a tier three offender is required to register for life (*id.*, subd. (d)(3).)

6

After being registered for the minimum number of years, tier one and tier two offenders may file a petition for termination from the sex offender registry on or after their next birthday after July 1, 2021.[2] (§ 290.5, subd. (a)(1).) "The petition shall be served on the registering law enforcement agency and the district attorney in the county where the petition is filed and on the law enforcement agency and the district attorney of the county of conviction of a registerable offense if different than the county where the petition is filed." (*Id.*, subd. (a)(2).)

The district attorney in the county where the petition is filed may "request a hearing on the petition if the petitioner has not fulfilled the requirement described in subdivision (e) of Section 290, or if community safety would be significantly enhanced by the person's continued registration." (§ 290.5, subd. (a)(2).) If the district attorney requests a hearing, he or she can present "evidence regarding whether community safety would be significantly enhanced by requiring continued registration." (*Id.*, subd. (a)(3).) Section 290.5 accordingly imposes on the prosecution the burden of producing evidence and the burden of proof in opposing a petition on the ground that community safety would be significantly enhanced by continued registration. (*People v. Thai* (2023) 90 Cal.App.5th 427, 435 [finding the prosecution failed "to establish with reasonable, credible, and solid evidence 'community safety would be significantly enhanced'" by continued registration].)

"In determining whether to order continued registration, the court shall consider: the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not

_____

[2]     One exception, which is not applicable here, allows certain tier three offenders to file a petition for termination from the sex offender registry. (§ 290.5, subd. (b)(3).)

reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3).)

We review a trial court's denial of a petition for termination of sex offender registration for abuse of discretion, and the trial court's findings of fact are reviewed for substantial evidence. (See *People v. Lockwood* (1998) 66 Cal.App.4th 222, 226-227 [reviewing the denial of a petition for certificate of rehabilitation for abuse of discretion]; *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.) "All exercises of discretion must be guided by applicable legal principles, however, which are derived from the statute under which discretion is conferred. [Citations.] If the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its discretion under the law. [Citation.] Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal." (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106.)

*Analysis*

At the outset, the parties disagree as to the applicable standard of proof. Defendant contends the prosecutor has the burden of proving by clear and convincing evidence that continued registration will significantly enhance community safety. The People argue the standard of proof is a preponderance of the evidence. We agree with the People. The Legislature did not specify the applicable standard of proof. Evidence Code section 115 provides that "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (See also *People v. Superior Court*

8

(2013) 215 Cal.App.4th 1279, 1301, 1305; *People v. Flores* (2014) 227 Cal.App.4th 1070, 1076.)

Turning to defendant's petition, both parties acknowledge defendant's violation of section 288, subdivision (a) is classified as a tier-two offense subject to a minimum 20-year term of registration under the current statutory scheme.  (§ 290, subds. (d)(2)(A).)  Defendant registered as a sex offender for this minimum period of time, but the court denied his petition primarily because of the 2016 incident when defendant had inappropriate thoughts and dreams about an 8-year-old girl living in the same residence as him.

Here, sufficient evidence supports the court's conclusion community safety would be significantly enhanced by requiring defendant to continue to register for three years.  Defendant claims some of the factors are in his favor.  He notes his offense was not extreme and involved a "median level of severity" (factor 1); there was only one victim who was 12 years old (factor 2); he did not reoffend in 29 years except for the felony failure-to-register conviction in 2007 (factor 5); and he completed a sex offender treatment program (factor 6).  As to whether the victim was a stranger (factor 3), he claims this factor is neutral because the record does not indicate how long he knew the victim.  Even if some of the factors were in defendant's favor, the court was justified by relying on defendant's continuing sexual urges towards very young children.  Indeed, the court was required to consider any relevant noncriminal behavior following defendant's conviction (factor 4).  In 2016, defendant had inappropriate thoughts and dreams about an 8-year-old girl who was living with her family in the same residence as defendant.  This incident arguably pointed to a continuing risk, and defendant's thoughts were about a much younger child than the one initially victimized.  Defendant attempts to minimize the incident by arguing his deviant thoughts are not the same as relevant noncriminal "behavior."  But defendant's therapist appears to have been sufficiently concerned about defendant acting on his thoughts because the therapist warned the child's parents.  To

9

find an abuse of discretion, we have to find *no* reasonable judge would have relied on this information to deny the petition. We cannot find that here.

Finally, defendant contends the court disregarded his current risk of sexual or violent reoffense "on the ground that a risk evaluation instrument was not administered . . . ." (factor 7). Not true. The court noted there was no SARATSO available "given the age and nature of the charge," but the court still evaluated defendant's risk of reoffense. The court acknowledged defendant finished his sex offender treatment program and was a "pretty good candidate" if it were not for the 2016 incident. The court also observed defendant had compiled helpful supporting documentation and appeared to be trying. But the court suggested defendant posed a current risk given the 2016 incident and concluded continued registration would enhance community safety by putting "parents on notice of this concern."

In short, the court did not abuse its discretion by denying defendant's petition.

DISPOSITION

The postjudgment order is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

GOETHALS, J.

10