Filed 8/3/16  P. v. Burris CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>EDWARD BURRIS,<br><br>　　Defendant and Appellant. | 2d Crim. No. B264170<br>(Super. Ct. No. F213809)<br>(San Luis Obispo County) |

　　　　Edward Burris appeals the denial of his petition for recall of his "three strikes" sentence pursuant to Proposition 36 (Pen. Code,[1] § 1170.126).  Appellant contends the trial court abused its discretion in finding that resentencing him would pose an unreasonable risk of danger to public safety.  (*Id.*, subd. (f).)  We affirm.

FACTS AND PROCEDURAL HISTORY

　　　　In March 1994, appellant was an inmate at California Men's Colony.  Correctional staff searched appellant and found a manufactured weapon with a four- and one-half inch sharpened point.  Appellant voluntarily offered, "I had the weapon for my own protection, if they let me go I'll make another one."  A jury subsequently convicted him of possessing a weapon in violation of section 4502.  The jury also found true allegations that appellant had suffered two prior strike convictions (§ 667, subd. (d)) and

---

[1] All statutory references are to the Penal Code unless otherwise stated.

served two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced him to an indeterminate state prison term of 27 years to life.

In October 2014, appellant filed a petition to recall his sentence under section 1170.126. At the outset of the May 2015 hearing on the petition, the trial court stated its assumption that the prosecutor "wish[ed] to submit the entire packet from C.D.C.R. [the California Department of Corrections and Rehabilitation] as the People bear the burden of proof of dangerousness as far as the opposition to the petition[.]" The prosecutor replied, "That's correct. And the court is clear, from the People's perspective as well as defense counsel, the People are only proceeding on the issue of dangerousness under what I believe is sub[divisions] f and g o[f] the aforementioned Penal Code section 1[1]70.126."

The court issued a tentative ruling that resentencing appellant would pose an unreasonable risk of danger to public safety. The court based its decision on appellant's "entire criminal conviction history, which included the types of crimes that he committed, [and] the length of his prior prison commitments." The court also considered appellant's disciplinary record, which included "at least 23" CDC 115 Rules Violation Reports[2] and numerous lengthy stays in the segregated housing unit (SHU). In April 2014, appellant received an eight-month SHU commitment for his repeated refusals to accept assigned housing with other inmates. Appellant had repeatedly warned that he would physically harm or even kill any inmate who had the misfortune of being assigned to share a cell with him and once stated, "I cannot cope with having people in close proximity with me. I cannot keep myself from not hurting people[.]" In September 2014, appellant was placed "on an indeterminate SHU . . . status based on [appellant] demonstrating the desire to be disruptive and continue to endanger the safety of other[s] or the security of the institution." The court also referred to the documentation of

---

[2] A CDC Rules Violation Report "is issued to a prisoner when alleged misconduct is believed to be a violation of law and not minor in nature. [Citation.]" (*In re Johnson* (2009) 176 Cal.App.4th 290, 294.)

appellant's "serious and persistent mental illness" and noted he had "not engaged in any meaningful way in treatment, in work or in programming while at the institution."

Appellant's attorney offered that appellant's rule violations were the result of his perceptions that he was in danger and argued that his refusal to accept a cellmate demonstrate that he was "aware of his tendencies and can act to restrain himself." Counsel also noted that appellant was 57 years old and offered that "the older a person gets, the less likely it is that they are going to continue to commit crime, particularly violent crimes."

The court responded that it had "take[n] into consideration the actuarial risk associated with [appellant's] current age. . . . Notwithstanding that mitigating factor, I think the evidence is overwhelming in this case that we have recent acts indicating that [appellant], in the court's opinion, does, in fact, represent a[n] [un]reasonable risk of danger to public safety."

## DISCUSSION

Appellant contends the court abused its discretion in finding that resentencing appellant under section 1170.126 would present an unreasonable risk of danger to public safety. He first claims the court applied the wrong standard in making its finding because Proposition 47, which was enacted six months prior to his resentencing, "clarified" Proposition 36's definition of "an unreasonable risk of danger to public safety" to mean "an unreasonable risk that the petitioner will commit a new violent felony" as defined by the Three Strikes Law. (§ 1170.18, subd. (c).) He alternatively claims that "[e]ven under the ill-defined standard of Proposition 36, the trial court's denial constituted an abuse of discretion."[3]

---

[3] The People urge us to affirm on the ground that appellant was ineligible for resentencing because he was armed with a deadly weapon during his commission of the current offense. (§§ 1170.126, subd. (e); 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) Although the trial court did not expressly determine whether appellant was eligible for resentencing, the People invoke the principle that appellate review is "concerned with the correctness of the superior court's determination, not the correctness

3

Appellant's claim that the court applied the wrong standard is forfeited because it was not raised below.  (*People v. Bryant* (2014) 60 Cal.4th 335, 430.)  In any event, we agree with the cases holding that Proposition 47's definition of "unreasonable risk to public safety" does not apply to Proposition 36 petitions for resentencing.[4]  Proposition 47 redesignates certain offenses that previously were felonies or "wobblers" as misdemeanors.  It creates a new resentencing provision by which qualified people may request resentencing in accordance with its provisions.  (§ 1170.18, subd. (c).)  Proposition 47 provides that "[a]s used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new [super strike] violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."  (*Ibid.*)  Although the plain language of Proposition 47 applies the definition "throughout [the Penal] Code," the apparent purpose of a statute will not be sacrificed to a literal construction.  (*Cossack v. City of Los Angeles* (1974) 11 Cal.3d 726, 733.)  None of the relevant considerations suggests that in enacting Proposition 47 the voters intended to modify the provisions of Proposition 36.  Proposition 47 reflects a policy to require courts to resentence all qualified misdemeanants, unless they are likely to commit a super-strike.  Proposition 36, by

of its reasoning. [Citation.]" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 139.)  We decline to affirm on this basis.  At the hearing on appellant's petition, the prosecutor made "clear" to both the court and defense counsel that the People were "only proceeding on the issue" whether appellant's resentencing would present an unreasonable risk of danger to public safety.  By expressly declining to dispute appellant's eligibility for resentencing, the People forfeited the issue on appeal.  (*People v. Williams* (1999) 20 Cal.4th 119, 136.)

[4] The issue is currently pending before the Supreme Court.  (See, e.g., *People v. Chaney* (2014) 231 Cal.App.4th 1391, review granted February 18, 2015, S223676; People *v. Valencia* (2014) 232 Cal.App.4th 514, review granted February 18, 2015, S223825; *People v. Guzman* (2015) 235 Cal.App.4th 847, review granted June 17, 2015, S226410; *People v. Davis* (2015) 234 Cal.App.4th 1001, review granted June 10, 2015, S225603; *People v. Sledge* (2015) 235 Cal.App.4th 1191, review granted July 8, 2015, S226449; *People v. Myers* (2016) 245 Cal.App.4th 794, 799-805, review granted May 25, 2016, S233937.)

contrast, grants trial courts broad discretion to determine whether an inmate otherwise eligible for resentencing "would pose an unreasonable risk of danger to public safety." Applying Proposition 47's definition of what constitutes such a risk to a resentencing under Proposition 36 would frustrate rather than promote the intent of the electorate.

We also conclude that the court did not abuse its discretion in finding that resentencing appellant under Proposition 36 would present an unreasonable risk of danger to public safety. Under the Three Strikes Law, as it existed before Proposition 36, a defendant convicted of two prior serious or violent felonies was subject to a minimum sentence of 25 years to life upon conviction of any third felony. Proposition 36 reduces punishment for certain offenders whose current convictions are not serious or violent. Prisoners currently serving an indeterminate sentence for a third felony conviction that is neither serious nor violent may seek resentencing as a second-strike offender to a determinate term. (§ 1170.126.)

A petitioner who meets the statutory criteria "shall" be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) We review such determinations for an abuse of discretion. (*People v. Flores* (2014) 227 Cal.App.4th 1070, 1075.) "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.)

The court properly exercised its discretion in declining to resentence appellant as a second-strike offender. In exercising its discretion, the trial court may consider "[t]he petitioner's criminal conviction history," "disciplinary record," and "[a]ny other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g)(1)-(3).) Here, the court expressly considered each factor.

5

Moreover, the court's findings are amply supported by the record.  In asserting otherwise, appellant essentially offers that he is merely "mentally ill" rather than "violent."  The two, however, are not mutually exclusive.  Contrary to appellant's assertion, the court did not simply "find[] an isolated negative factor in the record, then conclude[d] from this isolated factor that [appellant] is not suitable for parole[.]"  In essence, appellant urges us to reweigh the evidence in his favor.  We cannot do so.  (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)  "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. "  (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 376-377.)  There was no abuse of discretion here.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

6

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.